■ JOSE ARNAUD, Appellant, v 140 EDGECOMB LLC et al., Respondents. [922 NYS2d 292]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered October 12, 2010, which denied plaintiff's motion for partial summary judgment as to liability on his Labor Law § 240 (1) cause of action, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff was employed by nonparty Galaxy Construction at a building owned by 140 Edgecomb LLC, and being renovated by general contractor, S&Z Construction Corp. Plaintiff and a coworker were moving wood planks from the fourth floor to the second floor, by use of a pulley and ropes. While plaintiff was on the second floor, with his arms outstretched through a window to grab the wood as it was lowered, he was suddenly struck by a plank, which caused multiple fractures to his wrist and fingers.

The extraordinary protections of Labor Law § 240 (1) extend only to a narrow class of special hazards, and the decisive question as to whether the statute applies to a particular accident is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against harm directly flowing from the application of the force of gravity to an object or person (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009], citing Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]).

In the context of falling objects, the risk to be guarded against is the unchecked or insufficiently checked descent of the object (see Apel v City of New York, 73 AD3d 406 [2010]). In this case, the wood was an object that required securing for the purposes of the undertaking (see Outar v City of New York, 5 NY3d 731 [2005]; Baker v Barron's Educ. Serv. Corp., 248 AD2d 655 [1998]). A lack of certainty as to exactly what preceded plaintiff's accident does not create an issue of fact as to proximate cause (see Vergara v SS 133 W. 21, LLC, 21 AD3d 279 [2005]). Nor does the fact that plaintiff did not point to any particular defect in the pulley defeat his entitlement to summary judgment (see Harris v 170 E. End Ave., LLC, 71 AD3d 408 [2010], lv dismissed 15 NY3d 911 [2010]; Orellano v 29 E. 37th St. Realty Corp., 292 AD2d 289 [2002]). Labor Law § 240 (1) provides for liability where safety equipment such as hoists are not "placed and operated as to give proper protection." Thus, it is not necessary that plaintiff establish that the pulley was defective, only that he was not given "proper protection" (see Williams v 520 Madison Partnership, 38 AD3d 464 [2007]). Concur—Mazzarelli, J.P., Friedman, Acosta, DeGrasse and Román, JJ.