Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered January 11, 2012, which denied plaintiffs motion for summary judgment as to liability on his Labor Law §§ 240 (1) and 241 (6) claims against defendants 2075 Retail Co., LLC, 2075 Residential Co. LLC, and Gotham Construction Company LLC, unanimously reversed, on the law, without costs, plaintiffs motion granted as to his Labor Law § 240 (1) claim and his Labor Law § 241 (6) claim predicated on violations of 12 NYCRR 23-2.1 (a) (2), and, upon a search of the record, summary judgment granted to defendants 2075 Retail, 2075 Residential and Gotham dismissing the Labor Law § 241 (6) claims against them based on alleged violations of 12 NYCRR 23-1.7 (e) (2) and 23-2.1 (a) (1).
The motion court erred in denying plaintiff’s motion for partial summary judgment on his Labor Law § 240 (1) claim. *409 Plaintiff made a prima facie showing that his injuries were caused by a failure to protect against a risk arising from a significant elevation differential. Plaintiff testified that he sustained physical injuries when he was walking across plywood planks covering fresh concrete. The plywood planks buckled and shifted. As a result, an A-frame cart containing Sheetrock and two 500-pound steel beams tipped over toward the plaintiff. The steel beams fell, landing on his left calf and ankle. While the record did not specify the height, the uncontroverted evidence shows that the steel beams fell a short distance from the top of the A-frame cart to plaintiffs leg. Given the beams’ total weight of 1,000 pounds and the force they were able to generate during their descent, the height differential was not de minimis (see McCallister v 200 Park, L.P., 92 AD3d 927, 928-929 [2d Dept 2012] [elevation differential was within the scope of the scaffold law when a scaffold on wheels fell on the plaintiff who was at the same level as the scaffold, and it traveled a short distance]; Kempisty v 246 Spring St., LLC, 92 AD3d 474, 474 [1st Dept 2012] [an elevation differential cannot be considered de minimis when the weight of the object being hoisted is capable of generating an extreme amount of force, even though it only traveled a short distance]; see also Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 10 [2011] [recovery was permitted under the scaffold law when metal vertical pipes, on the same level as the plaintiff, toppled over on him]; Runner v New York Stock Exch., Inc., 13 NY3d 599 [2009]).
Defendants did not raise a triable issue of fact in opposition to plaintiffs motion. In opposition, defendants submitted the affidavit of plaintiffs foreman who observed the scene shortly after the accident, but did not witness it. His affidavit states that “I believe that the beam may have been stacked on the floor behind or next to the cart,” and further, that “I determined that the boards and A-frame cart tipped over and may have knocked down a beam.” These speculations and inconsistent statements are insufficient to raise a triable issue of fact, especially in light of the fact that the foreman did not witness plaintiffs accident. Moreover, the foreman’s affidavit does not sufficiently challenge the conclusion that the steel beams were not properly secured.
We find that the foreman’s affidavit contradicted plaintiffs testimony about what type of work he was doing at the time of the accident. However, this alone does not raise a triable issue of fact. Defendants’ liability is unaffected by whether plaintiff was looking for a plank, or cleaning the site, before the steel beams fell on his leg (see John v Baharestani, 281 AD2d 114, *410 118 [1st Dept 2001]). In addition, defendants point to plaintiffs criminal conviction, which is admissible to impeach him as a witness in this case (see Pope v New York City Tr. Auth., 244 AD2d 263 [1st Dept 1997]). However, we do not agree that a criminal conviction by itself can raise an issue of fact of credibility when the plaintiff is the sole witness to an accident. As such, defendants fail to present any evidence raising a triable issue of fact relating to the prima facie case or to plaintiffs credibility. Thus, summary judgment is properly awarded to plaintiff, even though it is based on plaintiffs own testimony as the sole witness to the accident (Noble v 260-261 Madison Ave., LLC, 100 AD3d 543, 544-545 [1st Dept 2012]; see Klein v City of New York, 89 NY2d 833 [1996]).
As to plaintiffs Labor Law § 241 (6) claims, we hold that the motion court improperly denied plaintiffs motion for summary judgment based on violations of 12 NYCRR 23-2.1 (a) (2). Section 23-2.1 (a) (2) states that “[mjaterial and equipment shall not be stored upon any floor, platform or scaffold in such quantity or of such weight as to exceed the safe carrying capacity of such floor, platform or scaffold.” Plaintiff made a prima facie showing that this provision applies, by testifying that an A-frame cart containing Sheetrock and two 500-pound beams was on plywood flooring and the plywood collapsed as he was walking on the floor. For the reasons stated above, defendants have not presented evidence to raise a triable issue of fact relating to the prima facie case of plaintiffs Labor Law § 241 (6) claim.
However, upon our search of the record (see Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 110-112 [1984]), we grant defendants summary judgment dismissing the Labor Law § 241 (6) claims that are predicated on alleged violations of 12 NYCRR 23-1.7 (e) (2) and 23-2.1 (a) (1). Section 23-1.7 (e) (2) is inapplicable because the accident was not caused by materials or tools scattered on the floor (see Burkoski v Structure Tone, Inc., 40 AD3d 378, 383 [1st Dept 2007]). Section 23-2.1 (a) (1) is inapplicable because there is no allegation that the accident occurred in a passageway, walkway, stairway, or other thoroughfare (see id. at 382). Concur—Sweeny, J.P., Acosta, Román, Feinman and Clark, JJ.