■ ANTHONY HILL, Appellant, v ACIES GROUP, LLC, et al., Respondents, et al., Defendant. (And a Third-Party Action.) [996 NYS2d 235]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered November 27, 2012, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1), unanimously reversed, on the law, without costs,

and the motion granted as against defendants Acies Group, LLC, CS Melrose Site D, LLC, and Skye Construction, LLC.

Plaintiff established his entitlement to judgment as a matter of law on the issue of liability on his Labor Law § 240 (1) claim by submitting, among other things, his testimony that he was performing his assigned work of cleaning debris from the ground level, just outside the north side of the subject building under construction, when he was suddenly struck by a falling brick, in the absence of any overhead netting or other such protective devices (*see Mercado v Caithness Long Is. LLC*, 104 AD3d 576 [1st Dept 2013]; *Zuluaga v P.P.C. Constr., LLC*, 45 AD3d 479 [1st Dept 2007]). Defendants' witnesses further established their liability by confirming that the brick fell out of the hands of a masonry worker several stories above plaintiff, and that safety netting which had been installed on other sides of the building was absent from the north exterior. The lack of overhead protective devices was a proximate cause of plaintiff's injuries under any of the conflicting accounts (*see Arnaud v 140 Edgecomb LLC*, 83 AD3d 507, 508 [1st Dept 2011]), and plaintiff's comparative negligence is not a defense to a Labor Law § 240 (1) claim (*see Stolt v General Foods Corp.*, 81 NY2d 918, 920 [1993]). Moreover, contrary to defendants' argument that plaintiff had been instructed not to cross the barricade or go underneath the scaffolding while any work was being performed overhead, "an instruction by an employer or owner to avoid using unsafe equipment or engaging in unsafe practices is not a 'safety device' in the sense that plaintiff's failure to comply with the instruction is equivalent to refusing to use available, safe and appropriate equipment" (*Gordon v Eastern Ry. Supply*, 82 NY2d 555, 563 [1993]). In addition, the conflicting accounts of "what type of work he was doing at the time of the accident" do not raise a triable issue of fact (*see Marrero v 2075 Holding Co. LLC*, 106 AD3d 408, 409 [1st Dept 2013]). Concur—Sweeny, J.P., Andrias, Saxe, Richter and Feinman, JJ.