■ MICHAEL RUTKOWSKI et al., Appellants, v NEW YORK CONVENTION CENTER DEVELOPMENT CORPORATION et al., Respondents, et al., Defendants. (And Third-Party Actions.) [46 NYS3d 54]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered October 23, 2015, which, to the extent appealed from as limited by the briefs, granted defendants New York Convention Center Development Corporation, Nielsen Business Media, Inc. and the Nielsen Company (US), LLC's motion for summary judgment dismissing as against New York Convention Center Development Corporation the Labor Law § 240 claim and the Labor Law § 241 (6) claim insofar as it is predicated on Industrial Code (12 NYCRR) § 23-1.8 (c) (1), unanimously reversed, on the law, without costs, and the motion denied.

Plaintiff Michael Rutkowski was removing furniture from an exhibition booth at the conclusion of a trade show when a lighting bar simultaneously being removed from the top of the booth by electricians fell and struck him in the head. Since his specific task at the moment the accident occurred was ancillary to and part of the larger demolition job of dismantling the booths, in which he was to participate, plaintiff was engaged in an activity within the purview of Labor Law §§ 240 (1) and 241 (6) (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882-883 [2003]; Pino v Robert Martin Co., 22 AD3d 549 [2d Dept 2005]).

We reject defendant's contention that the lighting bar did not require securing with a safety device of the type contemplated by Labor Law § 240 because it was being carried by hand (see Pritchard v Tully Constr. Co., Inc., 82 AD3d 730 [2d Dept 2011]). The lighting bar was an object that required securing to prevent it from becoming dislodged or falling during the work (see Outar v City of New York, 5 NY3d 731 [2005]). Further, in view of the weight of the lighting bar, we cannot conclude as a matter of law that the distance it fell was de minimis (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 605 [2009]). Nor did defendants demonstrate that any securing device would have defeated the task of removing the lighting bar (cf. Salazar v Novalex Contr. Corp., 18 NY3d 134, 139-140 [2011] ["the installation of a protective device of the kind that (plaintiff) posits . . . would have been contrary to the objectives of the work plan"]).

12 NYCRR 23-1.8 (c) (1), which mandates approved safety hats for persons "required to work or pass within any area where there is a danger of being struck by falling objects or materials," is sufficiently concrete to give rise to Labor Law § 241 (6) liability (*see Bornschein v Shuman*, 7 AD3d 476, 478 [2d Dept 2004]; *Sikorski v Burroughs Dr. Apts.*, 306 AD2d 844, 845 [4th Dept 2003]; *but see Sajta v Latham Four Partnership*, 282 AD2d 969, 971 [3d Dept 2001]). Concur—Acosta, J.P., Mazzarelli, Feinman and Webber, JJ.