Gutierrez v Harco Consultants Corp. (2018 NY Slip Op 00252)





Gutierrez v Harco Consultants Corp.


2018 NY Slip Op 00252


Decided on January 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2018

Friedman, J.P., Mazzarelli, Kapnick, Webber, Moulton, JJ.


5452 158284/12

[*1]Jhonny Gutierrez, Plaintiff-Respondent,
v
Harco Consultants Corp., et al., Defendants-Appellants. [And a Third Party Action]


Gallo Vitucci Klar LLP, New York (Daniel Mevorach of counsel), for appellants.
Lurie, Ilchert, MacDonnell & Ryan, LLP, New York (Dennis A. Breen of counsel), for respondent.



Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered February 9, 2017, which, to the extent appealed from, granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240(1) claim, and denied defendants' motion for summary judgment dismissing the section 240(1) claim, unanimously modified, on the law, to deny plaintiff's motion, and otherwise affirmed, without costs.
According to plaintiff's testimony in this action, he was exposed to elevation-related hazards (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 9 [2011]). Assuming that the piece of rebar that allegedly struck plaintiff weighed what defendants claimed it weighed, it still presented an elevation-related risk even if it may have traveled only a short distance before striking plaintiff (see Marrero v 2075 Holding Co., LLC, 106 AD3d 408, 409 [1st Dept 2013]; Cardenas v One State St., LLC, 68 AD3d 436, 437 [1st Dept 2009]). We reject defendants' contention that the rebar being passed to plaintiff did not require a safety device of the type contemplated by Labor Law § 240 because it was being carried by hand (see e.g. Rutkowski v New York Convention Ctr. Dev. Corp., 146 AD3d 686 [1st Dept 2017]). However, plaintiff was not entitled to summary judgment as to liability on the claim under § 240(1) because the records of his medical treatment create an issue of fact as to whether his injury was incurred in the manner described in his testimony.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2018
CLERK