Garcia v SMJ 210 W. 18 LLC (2019 NY Slip Op 08791)





Garcia v SMJ 210 W. 18 LLC


2019 NY Slip Op 08791


Decided on December 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 10, 2019

Renwick, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


10066 162400/14 595335/15 595215/17

[*1] Juan Garcia, Plaintiff-Appellant,
v
SMJ 210 West 18 LLC, et al., Defendants-Respondents, Bay Bridge Enterprises LT, et al., Defendants.
SMJ 210 West 18 LLC, et al., Third-Party Plaintiffs,
v
S & E Bridge & Scaffold LLC, Third-Party Defendant-Respondent. 
 [And a Second Third-Party Action]


Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for appellant.
Nicoletti Gonson Spinner Ryan Gulino Pinter LLP, New York (Benjamin Gonson of counsel), for SMJ 210 West 18 LLC, respondent.
Wood Smith Hennig and Berman, LLP, New York (Patrick James of counsel), for JM3 Construction LLC, respondent.
Cascone & Kluepfel, LLP, Garden City (James K. O'Sullivan of counsel), for S & E Bridge & Scaffold LLC, respondent.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered November 30, 2018, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, and granted the cross motions of defendants-respondents for summary judgment dismissing plaintiff's claims under Labor Law §§ 240(1) and 241(6), unanimously reversed, on the law, without costs, plaintiff's motion granted and defendants-respondents' cross motions denied.
The record reflects that plaintiff was on a temporary exterior platform on the 21st floor of a building under construction, when he was struck and injured by a falling piece of DensGlass, an exterior sheetrock material, which matched the size of a missing piece of sheetrock one floor above. Plaintiff was in the process of dismantling the bridge that was linked to the exterior hoist elevator.
Plaintiff established his entitlement to judgment as a matter of law on the issue of liability on his Labor Law § 240(1) claim based on the record evidence that a piece of the exterior facade of the building still under construction fell on him, that workers were performing patch work to the DensGlass on the floors above plaintiff, and that the exterior facade was not complete (see Hill v Acies Group, LLC, 122 AD3d 428 [1st Dept 2014). Furthermore, defendants' cross [*2]motions for summary judgment dismissing the § 241(6) claim should have been denied because there is a triable issue of fact as to whether the area where the accident occurred was "normally exposed to falling material or objects" requiring that plaintiff be provided with "suitable overhead protection" (see 12 NYCRR 23-1.7[a][1]; Clarke v Morgan Contr. Corp., 60 AD3d 523, 524 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 10, 2019
CLERK