Touray v HFZ 11 Beach St. LLC (2020 NY Slip Op 01029)





Touray v HFZ 11 Beach St. LLC


2020 NY Slip Op 01029


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Richter, J.P., Manzanet-Daniels, Gesmer, Singh, JJ.


11031 28002/16

[*1] Dawda Touray, Plaintiff-Respondent,
v
HFZ 11 Beach Street LLC, Defendant-Appellant.


Fullerton Beck LLP, White Plains (Edward J. Guardaro, Jr., of counsel), for appellant.
Law Offices of Andrew J. Carboy LLC, New York (Andrew J. Carboy of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered December 20, 2018, which granted plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to partial summary judgment on his Labor Law § 240(1) claim. The evidence shows that plaintiff and his coworkers were moving an A-frame cart, loaded with approximately 16 cement boards measuring 4' x 8' in dimension and weighing approximately 100 pounds each, when its wheel became stuck and the cart would not move. Plaintiff and his coworkers then pushed and pulled the cart to free it, and, in the process, the cart and the boards suddenly tipped, with the boards landing on plaintiff's left leg. Given the weight and height of the cement boards on the A-frame cart, the elevation differential was within the purview of the statute (see Marrero v 2075 Holding Co. LLC, 106 AD3d 408, 409 [1st Dept 2013]; see also Runner v New York Stock Exch., Inc., 13 NY3d 599).
In opposition, defendant failed to raise a triable issue of fact. The opinion of its expert that the A-frame cart was an adequate safety device for the undertaking and that plaintiff's injuries were proximately caused by the workers' actions in trying to free the stuck cart, rather than any inadequacy in safety devices, was contradicted by the facts. Defendant HFZ'S supervisor, Giraudi, testified plaintiff was hit by the cement boards and not by the tipping A-frame cart. Contrary to defendant's expert opinion, the cart itself did not have a mechanism to self-secure the stacked materials it transported.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK