Franco v 1221 Ave. Holdings, LLC (2020 NY Slip Op 07701)





Franco v 1221 Ave. Holdings, LLC


2020 NY Slip Op 07701


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Friedman, J.P., Renwick, Singh, Kennedy, Shulman, JJ. 


Index No. 302831/14 83935/15 Appeal No. 12699 Case No. 2019-04971 

[*1]Mario Franco, Plaintiff-Respondent,
v
1221 Avenue Holdings, LLC, et al., Defendants-Appellants, New York Plumbing Heating-Cooling Corp., Defendant.
1221 Ave Holdings, LLC, Third-Party Plaintiff,
v
W5 Group llc, Third-Party Defendant-Appellant, Firecraft of New York, Inc., Third-Party Defendant.


Wood, Smith, Henning & Berman LLP, New York (Kevin T. Fitzpatrick of counsel), for appellants.
Rubin Law, PLLC, New York (Denise A. Rubin of counsel), and Keith D. Silverstein & Associates, P.C., New York (Keith D. Silverstein of counsel), for respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about October 2, 2019, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment as to liability under Labor Law § 240(1), unanimously affirmed, without costs.
Plaintiff's testimony that he was injured during demolition work when an unsecured pipe fell from the ceiling and struck him, knocking him off a ladder, establishes prima faciethat his injuries resulted "directly from the application of the force of gravity" and that, having failed to provide proper safety devices, defendants are liable for these injuries under Labor Law § 240(1) (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 604 [2009]; Kosavick v Tishman Constr. Corp. of N.Y., 50 AD3d 287, 288 [1st Dept 2008]; Boyle v 42nd St. Dev. Project, Inc., 38 AD3d 404, 406 [1st Dept 2007]). Contrary to defendants' contention, plaintiff was not required to show that the pipe was being hoisted or secured when it fell (see Quattrocchi v F.J. Sciame Constr. Corp., 11 NY3d 757 [2008]; Vargas v City of New York, 59 AD3d 261 [1st Dept 2009]).
In opposition, defendants failed to raise an issue of fact. Regardless of whether plaintiff was on a ladder as he testified, or standing on the floor as his foreman claimed, it is undisputed that he was struck by a pipe that fell from the ceiling and that he was not supplied with adequate protection from the resulting harm (see Arnaud v 140 Edgecomb LLC, 83 AD3d 507, 508 [1st Dept 2011]; Nascimento v Bridgehampton Constr. Corp., 86 AD3d 189, 191 [1st Dept 2011]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020