Powers v River Ctr. LLC (2021 NY Slip Op 05105)





Powers v River Ctr. LLC


2021 NY Slip Op 05105


Decided on September 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 28, 2021

Before: Webber, J.P., Mazzarelli, González, Scarpulla, Pitt, JJ. 


Index No. 153260/13 Appeal No. 14204 Case No. 2021-00265 

[*1]Kevin P. Powers, Plaintiff-Appellant,
v
River Center LLC et al., Defendants, Turner Construction Company et al., Defendants-Respondents.


Kujawski & Kujawski, Deer Park (Mark C. Kujawski of counsel), for appellant.
Baxter Smith & Shapiro, P.C., Hicksville (Dennis S. Heffernan of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered October 30, 2020, which, to the extent appealed from as limited by the briefs, granted defendants Turner Construction Company and Dormitory Authority of the State of New York's motion for summary judgment dismissing the Labor Law § 240(1) cause of action as against them and denied plaintiff's cross motion for partial summary judgment on that cause of action, unanimously modified, on the law, to deny defendants' motion for summary judgment dismissing the Labor Law § 240(1) claim as against them, and otherwise affirmed, without costs.
As the motion court found, plaintiff failed to raise a genuine issue of fact in opposition to defendants' motion. Plaintiff's affidavit indicates that he was standing on top of a makeshift apparatus positioned three feet above the floor at the time of the accident. This affidavit directly contradicts his prior deposition testimony in which he repeatedly testified that he was standing on the floor at the time of the accident and never mentioned standing on the apparatus (see Vila v Foxglove Taxi Corp., 159 AD3d 431, 431 [1st Dept 2018]).
We find however, that there is an issue of fact as to whether the heavy carpet and pipe, which were estimated to weigh a total of 275 pounds, resting approximately three feet above the floor, posed "a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]; see e.g. Marrero v 2075 Holding Co. LLC, 106 AD3d 408, 409 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2021