Mayorquin v Carriage House Owner's Corp. (2022 NY Slip Op 00971)





Mayorquin v Carriage House Owner's Corp.


2022 NY Slip Op 00971


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kern, J.P., Oing, Singh, Moulton, González, JJ. 


Index No. 302669/14E Appeal No. 15311 Case No. 2020-03050 

[*1]Carlos Mayorquin, Plaintiff-Respondent,
v
Carriage House Owner's Corp., et al., Defendants-Appellants. [And a Third-Party Action.]


Furman Kornfeld & Brennan LLP, New York (Andrew S. Kowlowitz of counsel), for Carriage House Owner's Corp., appellant.
Fuchs Rosenzweig PLLC, New York (Valerie Prizimenter of counsel), for Advanced Carpentry Corp, appellant.
Fullerton Beck LLP, White Plains (Edward J. Guardaro of counsel), for M & A Projects, Inc., appellant.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for respondent.



Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about March 16, 2020, which granted plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff's motion was timely despite the passage of the 120-day period, as the note of issue was ultimately vacated, and the case restored to its "pre-note of issue status" (Matos v City of New York, 154 AD3d 532, 533 [1st Dept 2017]). Defendants' challenges to the propriety of plaintiff's reason for the vacatur, and moving for summary judgment on liability, are unavailing, in view of the parties' signed so-ordered stipulation agreeing that the note of issue was withdrawn and that the case was to return to "pre-note status" without limitation.
The court properly granted plaintiff summary judgment on the issue of liability on the Labor Law § 240(1) claim. The accident report containing the statement of plaintiff's foreman concerning how the accident occurred was properly admitted under the business record exception to the hearsay rule (see Buckley v J.A. Jones/GMO, 38 AD3d 461, 463 [1st Dept 2007]). Plaintiff's testimony that he was struck by an unsecured brick, along with the foreman's statement that debris had fallen from a torn debris bag from a hanging scaffold above, establishes a violation of Labor Law § 240(1) and proximate causation (see Hill v Acies Group, LLC, 122 AD3d 428 [1st Dept 2014]; Mercado v Caithness Long Is. LLC, 104 AD3d 576, 577 [1st Dept 2013]). The brick was an object that "required securing for the purposes of the undertaking" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268 [2001]) and, to the extent plaintiff testified that netting had been provided, such netting "proved inadequate" to protect him against falling debris (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]; Wiscovitch v Lend Lease (U.S.) Constr. LMB Inc., 157 AD3d 576, 578 [1st Dept 2018]). Whether plaintiff was on top of the canopy or the adjacent sidewalk bridge is immaterial, because under either version, the lack of an adequate protective device proximately caused his injuries (see Augustyn v City of New York, 95 AD3d 683 [1st Dept 2012]).
Plaintiff was not the sole proximate cause of the accident. Defendants rely on the testimony of plaintiff's employer that plaintiff was not authorized to work on top of the canopy, but the employer had no personal knowledge of the circumstances surrounding plaintiff's work at the time of the accident. Even if it were true that plaintiff was not authorized to work on the canopy, his decision to get on top of it would have amounted to only comparative negligence, which is not a defense to a Labor Law § 240(1) claim (see Hill, 122 AD3d at 429; cf. Benavidez-Portillo v G.B. Constr. & Dev., Inc., 149 AD3d 681, 682-683 [2d Dept 2017]). The alternative argument that plaintiff was not authorized to work on top of the sidewalk bridge is unsupported by the record. To [*2]the extent plaintiff might have negligently worked under a hanging scaffold, in contravention of instructions, such also only amounts to comparative negligence (see Hill, 122 AD3d at 429).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022