Harsanyi v Extell 4110 LLC (2023 NY Slip Op 05313)

Harsanyi v Extell 4110 LLC

2023 NY Slip Op 05313

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Kapnick, J.P., Singh, Friedman, González, Shulman, JJ. 

Index No. 157170/15 Appeal No. 850 Case No. 2023-00363 

[*1]Boaz Harsanyi et al., Plaintiffs-Appellants-Respondents,
v
Extell 4110 LLC, et al., Defendants-Respondents-Appellants.

Sacks & Sacks, LLP, New York (Scott N. Singer of counsel), for appellants-respondents.
Malapero Prisco & Klauber LLP, New York (Francis B. Mann, Jr. of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered December 23, 2022, which denied defendants' motion for summary judgment dismissing the complaint and denied plaintiffs' motion for summary judgment on the issue of liability on their Labor Law § 240(1) claim, unanimously modified, on the law, plaintiffs' motion granted, and otherwise affirmed, without costs.
Plaintiffs were entitled to summary judgment on the issue of liability on their Labor Law § 240(1) claim. Contrary to the court's determination, the fact that the injured plaintiff could not identify the object that struck him or its origin did not preclude summary judgment in plaintiffs' favor. A plaintiff's prima facie case in a Labor Law § 240(1) action involving falling objects is not dependent on whether the plaintiff observed the object that hit him (Malan v FSJ Realty Group II LLC, 213 AD3d 541, 542 [1st Dept 2023]). Further, a plaintiff is not required to show the exact circumstances under which the object fell, where a lack of a protective device proximately caused the injuries (see Salcedo v Sustainable Energy Options, LLC, 190 AD3d 439, 439 [1st Dept 2021]; Mercado v Caithness Long Is. LLC, 104 AD3d 576, 577 [1st Dept 2013]). Here, plaintiff testified that he was struck on the head and neck by an unknown object while working on an outrigging platform on the 25th floor of the building under construction. He also testified that he heard workers stripping wood on the floors above him at the time of the accident, and submitted photographs depicting a large hole in the safety netting that served as overhead protection. This evidence was sufficient to establish prima facie that the accident was the result of a violation of Labor Law § 240(1) (see Arnaud v 140 Edgecomb LLC, 83 AD3d 507, 508 [1st Dept 2011]; Angamarca v New York City Partnership Hous. Dev. Fund Co., Inc., 56 AD3d 264, 264-265 [1st Dept 2008]). In opposition, defendants failed to provide any version of the accident under which they could not be held liable, making summary judgment appropriate (see Mayorquin v Carriage House Owner's Corp., 202 AD3d 541 [1st Dept 2022]; Hill v Acies Group, LLC, 122 AD3d 428 [1st Dept 2014]).
In view of the foregoing, defendants' arguments concerning the Labor Law
§ 241(6), § 200 and common-law negligence claims are academic (see Viruet v Purvis Holdings LLC, 198 AD3d 587, 588-589 [1st Dept 2021]; Cronin v New York City Tr. Auth., 143 AD3d 419 [1st Dept 2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023