Bartley v 76 Eleventh Ave. Prop. Owner LLC (2024 NY Slip Op 02087)

Bartley v 76 Eleventh Ave. Prop. Owner LLC

2024 NY Slip Op 02087

Decided on April 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2024

Before: Renwick, P.J., Kapnick, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 157312/19 Appeal No. 2082 Case No. 2023-02004 

[*1]Phillip Bartley, Plaintiff-Respondent,
v
76 Eleventh Avenue Property Owner LLC, et al., Defendants-Appellants.

Hannum Feretic Prendergast & Merlino, LLC, New York (Jon Pisiewski of counsel), for appellants.
Bisogno & Meyerson, LLP, Brooklyn (Elizabeth Mark Meyerson of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered April 24, 2023, which granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff made a prima facie showing that his injuries were proximately caused by a violation of Labor Law § 240(1). Plaintiff's testimony established that he was injured while working as an employee of a subcontractor of defendant Omnibuild at a construction site owned by defendant 76 Eleventh. He testified that he was assigned to strip wooden forms from overhead concrete beams as part of the construction of a tower; that the forms were supported by jacks, which were placed every few feet; and that, while he was underneath the forms stabilizing a loosened jack, the beam, ribs, and another jack fell onto his head and shoulder (see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662-663 [2014]; Diaz v Raveh Realty, LLC, 182 AD3d 515, 516 [1st Dept 2020]).
In opposition, defendants failed to raise an issue of fact. The type of work plaintiff performed involved a load that required securing, and defendants did not demonstrate that the presence of the jacks defeated the task of stripping the forms from concrete beams (see Rutkowski v New York Convention Ctr. Dev. Corp., 146 AD3d 686 [1st Dept 2017]). The record established that the furnished jacks were safety devices intended to shield plaintiff from gravity-related hazards, and that the accident was caused by the inadequacy of the jacks supporting the forms (see Martinez v Ghorta, 190 AD3d 615, 616 [1st Dept 2021]; Arnaud v 140 Edgecomb LLC, 83 AD3d 507, 508 [1st Dept 2011]).
To the extent that defendants contend that plaintiff's loosening and lowering of the jacks as part of the stripping process led to the accident, any potential contributory negligence does not defeat plaintiff's motion for summary judgment on liability (see Orellano v 29 E. 37th St. Realty Corp., 292 AD2d 289, 291 [1st Dept 2002]). Any claimed discrepancies between plaintiff's sworn testimony and an incident report form filled out by his employer are insufficient to create an issue of fact where it is undisputed that plaintiff was injured when the beam and ribs slipped off the jacks and fell (see Cashbamba v 1056 Bedford LLC, 168 AD3d 638, 639 [1st Dept 2019]), and defendants' contention that the incident may not have occurred is speculative (see Urrea v Sedgwick Ave. Assoc., 191 AD2d 319, 320 [1st Dept 1993]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2024