## Sotamba v 183 Broadway Owner LLC

2024 NY Slip Op 32327(U)

July 9, 2024

Supreme Court, New York County

Docket Number: Index No. 155991/2021

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    <u>HON. DAVID B. COHEN</u>      PART    58

*Justice*

---------------------------------------------------------------------------------X

VICTOR SOTAMBA,

             Plaintiff,

- v -

183 BROADWAY OWNER LLC, and PAVARINI
MCGOVERN LLC.

             Defendants.

---------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155991/2021 |
| MOTION SEQ. NO. | 002 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 67, 68, 69, 70, 76, 77

were read on this motion to/for       <u>      PARTIAL SUMMARY JUDGMENT      </u>.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 71, 72, 73, 74, 75, 78, 79

were read on this motion to/for       <u>      JUDGMENT - SUMMARY      </u>.

     In this Labor Law action, plaintiff moves (Seq. 002), pursuant to CPLR 3212, for summary judgment against defendants on the issue of liability under Labor Law § 240(1). Defendants move (Seq. 003), pursuant to CPLR 3212, for summary judgment dismissing the complaint.

## I. Factual and Procedural Background

     This case arises from an incident on June 3, 2021, in which plaintiff was allegedly injured after being struck by a large window panel while working on a scaffold at a construction site located at 185 Broadway in Manhattan (the premises) (NYSCEF Doc No. 33). The premises were owned by defendant 183 Broadway Owner LLC (183 Broadway) and defendant Pavarini McGovern LLC (Pavarini) was the construction manager (Doc No. 33). Plaintiff commenced this action against defendants alleging claims of common-law negligence and violations of Labor Law §§ 200, 240(1), (2), and (3), and 241(6) (Doc No. 37). Defendants joined issue by their

answer dated September 1, 2021, denying all substantive allegations of wrongdoing and asserting various affirmative defenses (Doc No. 34). Plaintiff now moves for partial summary judgment on his Labor Law § 240(1) claim (Doc No. 31), which defendants oppose (Doc No. 67). Defendants move for summary dismissal of the complaint (Doc No. 47), which plaintiff partially opposes (Doc No. 75).

A. *Deposition Testimony of Plaintiff (Doc Nos. 39-40)*

At his deposition, plaintiff testified that he was employed by nonparty Alubuild as a helper responsible for installing windows and window panels at the premises. He was given instructions by his supervisor, who was another Alubuild employee. On the day of the incident, he and three other coworkers were instructed to move panels from the 29th floor to the 30th floor. The panels were roughly twelve feet long by three feet wide and weighed approximately 80 pounds. Suction cups with handles were attached to the panels to help move the panels by hand from floor to floor. Plaintiff was never told to use any other lifting equipment to move the panels. He and a coworker were positioned on the exterior of the building on a scaffold on the 29th floor and two other coworkers were stationed above on the 30th floor. The panel was initially held horizontally but needed to be rotated vertically to be handed to the two workers on the floor above. After plaintiff and his coworker rotated the panel and began to lift it upwards towards the 30th floor, his coworker lost his grip and the panel fell onto plaintiff's right shoulder.

Plaintiff proceeded to the health station immediately and subsequently visited an urgent healthcare facility. He denied speaking to an accident investigator or completing any accident report for Alubuild or any other entity at the premises. However, when shown a copy of an Alubuild accident report bearing his signature that was completed the day of his accident, he acknowledged that the signature on the report was his.

*B. Deposition Testimony of Pavarini (Doc No. 41)*

A safety manager for Pavarini testified that he was responsible for coordinating safety compliance at the premises. He was assigned to the project at the premises on the date of the incident, but he did not witness plaintiff's accident. Pavarini hired Alubuild as a subcontractor performing work on the glass exterior of the building, but Pavarini was not responsible for the "manner and means" of Alubuild's work. Although he stated that "personnel hoists" were available on the premises, he was unsure whether "material hoists" were also available.

Pavarini also hired CitySafety Compliance Corp. (CitySafety) to perform site safety management. After plaintiff's accident, Pavarini and CitySafety each generated an accident report. When shown a copy of the Pavarini accident report, the safety manager confirmed that he created it, although he could not remember when he first learned of plaintiff's accident or how he obtained the information needed to create that report. However, he confirmed that he never referenced the CitySafety accident report in generating the Pavarini report.

*C. Contract Between Defendants (Doc No. 42)*

Pursuant to the contract,[1] Pavarini was responsible for "administer[ing], manag[ing], supervis[ing], direct[ing], coordinat[ing] and caus[ing] the proper and efficient performance . . . of all work, labor, materials, equipment, [and] tools" required for the project. Pavarini also retained "control over construction means, methods, techniques, sequences[,] and procedures" for the work performed.

---

[1] The contract listed 187 Broadway Owner LLC as the owner of the premises and included no references to 183 Broadway. However, in its opposition papers, 183 Broadway admitted that it was the owner of the premises at the time of plaintiff's accident (Doc No. 68 at 1).

### D. *Various Accident Reports (Pavarini, Alubuild, and CitySafety) (Doc Nos. 61-63)*

The Pavarini accident report identified one of Pavarini's employees as the report's creator, however, it contained no signatures from him or plaintiff. The report provided that plaintiff "experienced a sudden pain in his right shoulder while lifting" one of the window panels, identifying the nature of his injury as a fracture (Doc No. 61). Although it indicated that there were witnesses to plaintiff's accident, it did not list them.

The CitySafety accident report aligned with the Pavarini report, in that it provided that plaintiff "hurt [his] right shoulder loading [a] window panel on to [a] scaffold" (Doc No. 63). The report was signed by the CitySafety employee who created it, but not by plaintiff.

The Alubuild accident report aligned with the details of the Pavarini and CitySafety reports, in that it stated plaintiff was injured after he "suddenly moved and twisted his right shoulder" while installing a window panel (Doc No. 62). The report indicated that one of plaintiff's coworkers witnessed the accident, and it was signed by plaintiff and his supervisor on the date of the accident.

### E. *Plaintiff's Medical Records (Doc No. 60)*

The doctor who examined plaintiff at the urgent healthcare facility included an entry in his notes that plaintiff stated "when [an]other employee lost his grip on the metal object, [plaintiff] tried to hold the metal on his own and ended up injur[ing] his [right] shoulder."

### F. *Plaintiff's Workers' Compensation Board C-3 Form (Doc No. 64)*

Shortly after the date of his accident, plaintiff submitted a C-3 form to the Workers' Compensation Board. Within the form, plaintiff wrote that his injury happened when a frame "started to fall" and "fractur[ed his] clavicle."

## II. Legal Analysis and Conclusions

### A. Plaintiff's Motion for Partial Summary Judgment

Plaintiff contends that he has made a prima facie showing that defendants violated Labor Law § 240(1) and such violations caused his injuries because defendants failed to provide him with a safety device like a pulley or hoist to lift the panel. Defendants argue in opposition that plaintiff was not subjected to an elevation-related risk, he suffered an ordinary peril of working at a construction site. They also argue that none of the safety devices mentioned in the statute were necessary for him to perform his work. Finally, they maintain that questions of fact exist regarding the circumstances of plaintiff's accident because the information contained in the various accident reports, plaintiff's medical records, and his workers' compensation C-3 form contradict his testimony about how he was injured. In reply, plaintiff reiterates that his work was covered by the statute, and argues, among other things, that defendants failed to demonstrate that questions of fact exist because they rely solely on hearsay evidence that is not in admissible form.

"Labor Law § 240(1) imposes a nondelegable duty and absolute liability upon owners and contractors for failing to provide safety devices necessary for workers subjected to elevation-related risks in circumstances specified by the statute" (*Soto v J. Crew Inc.*, 21 NY3d 562, 566 [2013] [citations omitted]; *see Healy v EST Downtown, LLC*, 38 NY3d 998, 999 [2022]). However, "[n]ot every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of [the statute]" (*Narducci v Manhasset Bay Assoc.*, 96 NY2d 259, 267 [2001]). A plaintiff seeking summary judgment on the issue of liability "must establish that the statute was violated and that such violation was a proximate cause of his injury" (*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]; *see Villanueva v 114 Fifth Ave. Assoc. LLC*, 162 AD3d 404, 405 [1st Dept 2018]).

Plaintiff demonstrates that the panel he was lifting "was an object that required securing to prevent it from becoming dislodged or falling during the work" (*Rutkowski v New York Convention Ctr. Dev. Corp.*, 146 AD3d 686, 686 [1st Dept 2017] [rejecting defendant's contention that "lighting bar" being carried by hand meant it did not require safety device to secure]). In falling object cases, "the risk to be guarded against is the unchecked or insufficiently checked descent of the object" (*Arnaud v 140 Edgecomb LLC*, 83 AD3d 507, 508 [1st Dept 2011]; *see Apel v City of New York*, 73 AD3d 406, 407 [1st Dept 2010]). Plaintiff also demonstrates through his testimony that he was not provided with any safety device like a rope, pulley, or hoist to support the panel as it was moving to the floor above. Therefore, he has made a prima facie showing that he is entitled to judgment as a matter of law on the issue of liability (*see Arnaud*, 83 AD3d at 508 [granting summary judgment to plaintiff injured when wood plank being lifted between floors fell and struck plaintiff]).

Yet, defendants satisfy their shifted burden to demonstrate that there are questions of fact. Defendants focus on five items in attempting to identify questions of fact regarding how plaintiff was injured: three accident reports generated by Alubuild, Pavarini, and CitySafety, plaintiff's workers' compensation C-3 form, and medical records from the urgent healthcare facility he visited shortly after his accident.[2] The C-3 form mentioned that plaintiff's injury occurred when the window frame "started to fall," which does not controvert his testimony that the panel fell onto him (*see Ging v F.J. Sciame Constr. Co., Inc.*, 193 AD3d 415, 417 [1st Dept 2021] [concluding

---

[2] Defendants also submitted a transcript of a purported recorded statement made by plaintiff with the help of a translator shortly after the accident (Doc No. 65). In the transcript, plaintiff allegedly stated that the panel did not fall and hit him on the shoulder (Doc No. 65 at 4-5). However, defendants provided no accompanying documentation to verify the accuracy of the information contained in the transcript. Therefore, it will not be considered.

**155991/2021   SOTAMBA, VICTOR vs. 183 BROADWAY OWNER LLC ET AL**
**Motion No.  002 003**

**Page 6 of 9**

no issue of fact raised because C-3 form did not "actually controvert plaintiff's account of the accident"]).

However, plaintiff's medical records include an entry that plaintiff stated he was injured when his coworker "lost his grip" and plaintiff "tried to hold the metal [frame] on his own," which does contradict his deposition testimony. Although the medical records constitute hearsay evidence, that specific entry satisfies the party admissions exception to the rule against hearsay because it is "directly attributable to plaintiff so as to constitute [an] admission[]" (*Pina v Arthur Clinton Hous. Dev. Fund Corp.* 188 AD3d 614, 614 [1st Dept 2021] [concluding medical record entries containing description of accident satisfied party admissions exception because plaintiff was source of information]).

That statement, combined with the information in the various accident reports explaining that plaintiff was injured when his shoulder twisted, allow for a different conclusion regarding how plaintiff was injured. Where different conclusions may be reasonably drawn from the evidence provided, a motion for summary judgment should be denied (*see Jaffe v Davis*, 214 AD2d 330, 330 [1st Dept 1995]). Although the accident reports also constitute hearsay evidence (*see Mayorquin v Carriage House Owner's Corp.*, 202 AD3d 541, 541 [1st Dept 2022]), "hearsay may be considered in opposition to a summary judgment motion," it just cannot be the sole basis on which to deny summary judgment (*Clarke v Empire Gen. Contr. & Painting Corp.*, 189 AD3d 611, 612 [1st Dept 2020]). Here, defendants' opposition did not rely solely on hearsay evidence.

*B. Defendants' Motion for Summary Dismissal*

*1. Plaintiff's Labor Law § 240(1) Claim*

Based on the finding above that there are questions of fact regarding how plaintiff was injured, the branch of defendants' motion seeking summary dismissal of plaintiff's Labor Law § 240(1) claim is denied.

*2. Plaintiff's Remaining Claims*

Plaintiff explicitly declined to oppose the branch of defendants' motion seeking to dismiss his claims of common-law negligence and violations of Labor Law §§ 200, 240(2), 240(3), and 241(6) (Doc No. 72 at 1). Therefore, those branches of defendants' motion are granted without opposition.

The parties' remaining contentions are either without merit or need not be addressed given the findings above.

Accordingly, it is hereby:

ORDERED that the motion (Seq. 002) by plaintiff for summary judgment against defendants 183 Broadway Owner LLC and Pavarini McGovern LLC on the issue of liability under Labor Law § 240(1) is denied; and it is further

ORDERED that the motion (Seq. 003) by defendants 183 Broadway Owner LLC and Pavarini McGovern LLC for summary judgment dismissing the complaint is decided as follows:

- the branch of the motion seeking summary judgment dismissing plaintiff's Labor Law § 240(1) claim is denied;

- the branch of the motion seeking summary judgment dismissing plaintiff's common-law negligence and Labor Law §§ 200, 240(2), and (3), and 241(6) claims is granted without opposition; and it is further

ORDERED that the claims by plaintiff against defendants 183 Broadway Owner LLC and Pavarini McGovern LLC for common-law negligence and violations of Labor Law §§ 200, 240(2), and (3), and 241(6) are severed and dismissed; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly; and it is further

ORDERED that counsel for plaintiff shall serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B), and the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Case* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

ORDERED that the parties are to appear for a settlement/trial scheduling conference in person at 71 Thomas Street, Room 305, on August 7, 2024, at 10:00 a.m.

20240709163730DBC0HEN6Q640A4B392D44A5A924DDDF3F3A4C29

| 7/9/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **DAVID B. COHEN, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |