Carranza v RXR Church-Div. Tower A. Holdings, LLC (2026 NY Slip Op 01844)

Carranza v RXR Church-Div. Tower A. Holdings, LLC

2026 NY Slip Op 01844

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Kapnick, Higgitt, Rosado, JJ. 

Index No. 807623/21|Appeal No. 6223-6224|Case No. 2025-06099, 2025-06732|

[*1]Rosita Elvira Martinez Carranza, Respondent,
vRXR Church-Division Tower A. Holdings, LLC, et al., Appellants, City of New Rochelle Corporation for Local Development, et al., Defendants.

Rawle & Henderson, LLP, New York (Beth S. Gereg of counsel), for appellants.
Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for respondent.

Order, Supreme Court, Bronx County (Shawn T. Kelly, J.), entered on or about June 3, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on liability on her Labor Law § 240(1) claim and her Labor Law § 241(6) claim based on a violation of Industrial Code § 23-1.7(e)(1) and (2), unanimously affirmed, without costs. Order, same court and Justice, entered on or about September 16, 2025, which, to the extent appealed from as limited by the briefs, granted the motion of defendants RXR Church-Division Tower A. Holdings, LLC, RXR Realty LLC, RXR Property Management LLC, and LRC Construction LLC for leave to reargue plaintiff's motion, and upon reargument, adhered to its original decision, unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment on her Labor Law § 240(1) claim through her testimony that she was transporting sheetrock on an A-frame cart, as the site foreman had instructed her, when the cart got caught on debris and flipped over, causing the sheetrock to fall on her. In light of the weight and height of the sheetrock on the A-frame cart — 8 pieces of sheetrock, approximately 1 inch thick and weighing around 10 pounds each — the elevation differential fell within the purview of the statute (see Touray v HFZ 11 Beach St. LLC, 180 AD3d 507, 507 [1st Dept 2020]).
In opposition, defendants failed to raise a triable issue of fact. Defendants place much reliance on an incident report stating that plaintiff was pushing a mini-dumpster, not an A-frame cart, when the incident occurred, thus suggesting that she was cleaning up debris rather than delivering sheetrock. However, the report was prepared more than six weeks after the incident, and there is no evidence establishing that the people who were identified as witnesses to the incident actually did witness it. Plaintiff testified that she was alone when the incident occurred, and that she never interacted or spoke with the people named in the report as witnesses. Under these circumstances, the hearsay incident report is insufficient to raise a triable issue of fact (see Marrero v 2075 Holding Co. LLC, 106 AD3d 408, 409 [1st Dept 2013]).
In addition, plaintiff's coworker, who provided an affidavit, admitted she did not witness the accident, and rather than stating that she personally saw plaintiff pushing a mini-dumpster, she simply averred she was "aware" that plaintiff had been pushing a mini-dumpster. Defendants' submission of the daily log reports to highlight inconsistencies in plaintiff's testimony also was not sufficient to raise an issue of fact. The alleged inconsistencies, which concerned the accident location and the trades that were working on the floor where plaintiff was injured, were immaterial to defendants' liability under Labor Law § 240(1) because under either parties' version of events, the lack of an adequate protective device proximately caused plaintiff's injuries (see Mayorquin v Carriage House Owner's Corp., 202 AD3d 541, 542 [1st Dept 2022]). Further, the report of defendants' expert, who opined that plaintiff's accident was a "physical impossibility," was insufficient to defeat summary judgment, as he did not inspect the A-frame cart or mini-dumpster allegedly involved in the accident, nor did he examine the debris that caused the cart to flip over (see Santos v Monadnock Constr. Inc., 209 AD3d 598, 599 [1st Dept 2022]).
Plaintiff's submission of the incident report on her motion does not lead to the conclusion that she adopted the statements contained in that report. On the contrary, plaintiff challenged the report as containing hearsay statements of coworkers who did not witness the accident (see Marrero v 2075 Holding Co. LLC, 106 AD3d 408, 409 [1st Dept 2013]). Moreover, plaintiff did not waive her hearsay objections to the incident report by submitting it on her motion, as she challenged the hearsay statements in the report rather than relying on them (cf. Khaimov v City of New York, 199 AD3d 455, 456 [1st Dept 2021]).
In light of our determination, we find that Supreme Court properly adhered to its original decision when deciding defendants' motion for reargument.
As plaintiff has shown entitlement to summary judgment on liability under Labor
Law § 240(1), the arguments regarding her Labor Law § 241(6) claim are academic (see Fanning v Rockefeller Univ., 106 AD3d 484, 485 [1st Dept 2013]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026