■ DANA EMMONS et al., Respondents, v CITY OF NEW YORK, Respondent, and MILFORD PLAZA HOTEL, Appellant, et al., Defendants. [725 NYS2d 29] —Order, Supreme Court, New York County (Michael Stallman, J.), entered on or about August 9, 2000, which denied defendant-appellant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Appellant's argument that it should not be held liable for the negligence of its independent contractor is inappropriately pre-

sented for the first time on appeal (*see, Recovery Consultants v Shih-Hsieh*, 141 AD2d 272, 276), and we decline to review it. In any event, the argument would be unavailing under the facts here present. Although one retaining an independent contractor generally is not liable for the independent contractor's negligence, there are exceptions to this rule of non-liability, including situations where the work of the independent contractor is for the benefit of the owner of a building under a non-delegable duty not to cause harm to members of the public traveling on the nearby public sidewalk (*see, Schwartz v Merola Bros. Constr. Corp.*, 290 NY 145; *Appel v Muller*, 262 NY 278, 280) or where the one for whose benefit the work is done knows or has reason to know that the assigned work involves special dangers inherent in the work or dangers which should have been anticipated (*see, Rosenberg v Equitable Life Assur. Socy.*, 79 NY2d 663, 668). Here, where the evidence indicates that plaintiff fell in a thoroughfare at or near the area recently excavated by an independent contractor repairing appellant building owner's main control water valve, questions of fact are raised as to whether the instant situation falls within either of the aforementioned exceptions (*see, id.*; *Wright v Tudor City Twelfth Unit*, 276 NY 303, 307). Concur—Nardelli, J. P., Williams, Ellerin, Lerner and Saxe, JJ.