DENNY DELOSANGELES, Respondent, v ASIAN AMERICANS FOR EQUALITY, INC., et al., Appellants. (And a Third-Party Action.) [838 NYS2d 26]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about December 29, 2005, which, insofar as appealed from, denied the motion of defendant Asian Americans for Equality, Inc. (AAE) for summary judgment dismissing the complaint and all other claims as against it, reversed, on the law, without costs, the motion granted and the complaint as asserted against AAE dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff commenced this action against, among others, defendants Beltran and AAE seeking damages for injuries plaintiff sustained when an air conditioner fell from a window of Beltran's apartment and struck plaintiff. Plaintiff alleged

that AAE, which owns the building, permitted the air conditioner to be installed negligently and failed to take action to prevent the air conditioner from falling. AAE moved for summary judgment dismissing the complaint and all other claims asserted against it, arguing that it neither created nor had notice of the hazard that the air conditioner posed. Supreme Court denied the motion and this appeal ensued.

AAE carried its initial burden on the motion, establishing its entitlement to judgment as a matter of law. In support of its motion, AAE submitted the deposition testimony of Beltran, who testified that she moved into the subject apartment in October 1998 and that the air conditioner had been given to her by a friend. This friend, who was not an employee of AAE, installed the air conditioner in 1999. The unit was not removed from the window between the date it was installed and the date of the incident, and only Beltran cleaned and maintained it. Beltran registered no complaints to AAE regarding either the windows in her apartment or the air conditioner, and could recall only one instance within the six months preceding the incident in which an employee of AAE was in her apartment. On that one occasion, an employee of AAE entered Beltran's apartment, at her request, to bleed the radiators. AAE also submitted the deposition testimony of the superintendent of the building in which Beltran's apartment was situated. The superintendent, who had lived and worked in the building for approximately 11 months prior to the incident, was unaware of any instances prior to the incident in which an air conditioner fell from a window in the building. The superintendent entered Beltran's apartment only once prior to the incident when he escorted a government inspector to the apartment and waited in the doorway while the inspector spoke with someone inside. These evidentiary submissions were sufficient to establish that AAE neither created nor had notice of the hazard posed by the air conditioner (*see Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646 [1996]; *Briggs v 2244 Morris L.P.*, 30 AD3d 216 [2006]; *Joseph v Hemlok Realty Corp.*, 6 AD3d 392 [2004]). In opposition, plaintiff failed to raise a triable issue of fact regarding the alleged negligence of AAE.

In asserting the existence of a triable issue of fact on the issue of constructive notice, the dissent contends that "[t]his matter is not logically distinguishable from our decision in *Spanbock [v Fifty Fourth St. Condominium* (3 AD3d 395 [2004])]." In *Spanbock*, the plaintiff sustained personal injuries when an air conditioner located in a third-floor window of an apartment in a building owned by defendant condominium fell

on her. In affirming the denial, among other things, of the condominium's motion for summary judgment dismissing the complaint as asserted against it, we found that a triable issue of fact existed regarding whether the condominium had constructive notice of the alleged negligent installation of the air conditioner. Our decision in *Spanbock*, however, does not contain any recitation of the evidence upon which the finding of a triable issue of fact concerning notice was based. Accordingly, it affords the dissent no support at all. Of course, moreover, because a triable issue of fact existed in *Spanbock*, it does not follow that the same or any triable issue of fact exists in this case.

Nor is it of any legal moment that the air conditioner was visible from both outside and inside the apartment and that the superintendent had been in Beltran's apartment prior to the accident. Even assuming, as the dissent suggests, that the same was true in *Spanbock*, these innocuous and unremarkable facts demonstrate nothing more than that AAE knew or should have known that an air conditioner had been installed in one of the windows of Beltran's apartment. Neither these facts nor the conclusory affidavit of plaintiff's expert even suggests that a dangerous condition was visible, let alone visible and apparent for a sufficient length of time prior to the accident to permit AAE to discover and remedy it (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Indeed, plaintiff's expert simply asserted that "[t]he subject window room air conditioner was not affixed, screwed, bolted, braced, or in any manner adequately or permanently attached to any part of the building or the subject window where it was placed." Nothing in the expert's affidavit asserts or even suggests that the failure to "adequately or permanently attach[ ]" the air conditioner was visible from outside the apartment or to anyone who merely entered the apartment. The dissent suggests otherwise in asserting "it is alleged that the absence of necessary bracing or other structural support is visually apparent." There is, however, no such allegation by plaintiff's expert. Indeed, not only did plaintiff's expert not state that the installation deficiencies were "visually apparent" to him, it is clear from his affidavit that he never saw the air conditioner in the apartment prior to the accident. Even if we were to indulge the assumption that the installation deficiencies would have been "visually apparent" to plaintiff's expert, we have no basis for assuming further that a close examination of the air conditioner was not necessary to render the installation deficiencies "visually apparent" to someone with the expertise of plaintiff's expert. In short, plaintiff did not provide a shred of evidence on the issue of constructive notice. Concur—Andrias, J.P., Sullivan, Gonzalez and McGuire, JJ.

Saxe, J., dissents in a memorandum as follows: Summary judgment in favor of the building owner is inappropriate here, since issues of fact are presented as to whether the owner had constructive notice of the alleged negligent installation of the air conditioner some three years before the accident.

An owner of a building has a common-law and statutory obligation to maintain its premises in a reasonably safe condition (*Basso v Miller*, 40 NY2d 233, 241 [1976]; New York City Building Code [Administrative Code of City of NY] § 27-128). A window air conditioner certainly qualifies as a dangerous condition if it is negligently or improperly installed (*see Spanbock v Fifty Fourth St. Condominium*, 3 AD3d 395 [2004]). Of course, a landlord has no obligation to remedy a defect of which it has neither actual nor constructive notice (*see Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 646 [1996]). However, a landlord's knowledge of a tenant's installation of a window air conditioner encompasses the substantial possibility that the air conditioner may have been installed without appropriate safeguards, especially where it is alleged that the absence of necessary bracing or other structural support is visually apparent.

This matter is not logically distinguishable from our decision in *Spanbock* (*supra*), in which this Court affirmed a denial of summary judgment where the plaintiff was injured by a window air conditioner that fell from a third-floor window in the defendant's condominium building. We noted there the existence of triable issues as to whether the air conditioner was negligently installed and whether the building owner had constructive notice of any such negligence. Similarly, here, there is evidence that the air conditioner was visible from both inside and outside the apartment, and that the building superintendent had been in the apartment, leaving an open question as to whether the owner should have been aware of the presence of a negligently installed air conditioner. In addition, the opinion of a civil engineer that the air conditioner had not been adequately affixed, braced or supported lends further support to the claim that the property was not maintained in a reasonably safe condition (*see Mas v Two Bridges Assoc.*, 75 NY2d 680 [1990]). Accordingly, I would affirm the order on review.