■ MASSIMILIANO SACCA, Respondent, v 41 BLEECKER STREET OWNERS CORP., Sued Herein as 41 BLEEKER STREET OWNERS CORP., Appellant. [859 NYS2d 414]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered December 24, 2007, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff was struck by a falling window screen as he walked past defendant's property on Bleecker Street in October 2004. There is no evidence that defendant had actual or constructive notice of a defective condition in time to discover and remedy it prior to the accident, nor any evidence that it created the condition (*Martinez v Morris Ave. Equities*, 30 AD3d 264 [2006]). That the screen may have come from one of the cooperative tenant's apartments does not constitute notice to defendant of a defective condition (*Delosangeles v Asian Ams. for Equality, Inc.*, 40 AD3d 550 [2007]). The theory of res ipsa loquitur is inapplicable because it has not been established that the screen and its mechanism were within defendant's exclusive control (*Radnay v 1036 Park Corp.*, 17 AD3d 106 [2005]). Concur—Lippman, P.J., Tom, Gonzalez, Buckley and Renwick, JJ. [*See* 2007 NY Slip Op 34143(U).]