■ ALBERTO OSORIO JR., an Infant, by MILAGROS OSORIO, His Mother and Natural Guardian, et al., Respondents, v THOMAS BALSLEY ASSOCIATES, Appellant, et al., Defendants. [892 NYS2d 92]—

The 12-year-old plaintiff was injured when, while playing tag with his friends, he climbed onto a "ballet bar" or "stretching bar" in the adult fitness area of a municipally-owned park, and fell over an adjacent perimeter fence, dropping approximately nine feet to the sidewalk outside the park. Plaintiff sued two municipal defendants, who are not parties to this appeal, and Thomas Balsley Associates, the landscape architectural firm which designed the playground.

The floor of the fitness area underneath the stretching bar is rubberized, and is located five feet higher than the outside sidewalk. Separating the fitness area from the sidewalk is a five-foot retaining wall, and a four-foot wrought iron fence on top of a two-inch-high concrete curb, which itself rests on the retaining wall. The perimeter fence is located 18 inches from the stretching bar.

The infant plaintiff testified at a hearing pursuant to General Municipal Law § 50-h that he and four of his friends were playing the game of tag, and that he climbed onto the bar. After he climbed onto the bar, he fell off, and his chest came into contact with the fence next to it. He then fell over the fence.

Balsley moved for summary judgment dismissing the complaint on the theory that plaintiff had assumed the risk of potential consequences of his play activity, and actually created the risk of injury by climbing onto the bar. In opposition, plaintiff argued that the doctrine of assumption of the risk does

not bar recovery in its entirety, but merely permits a jury to reduce damages after apportionment.

The court denied the motion, finding that an issue of fact existed as to whether the infant plaintiff engaged in the game of tag in the location with the full understanding of the harm, i.e., whether he knew that if he played on the stretching bar he was putting himself in danger, because, inter alia, there were no warning signs or fences restricting children from the adult fitness area.

We reverse. The threshold issue is not whether plaintiff assumed a dangerous risk, but whether he, in fact, created one. In the absence of any indication that there had been prior incidents involving the stretching bar's improper use, the fact that it could be used for a purpose other than its intended use did not render its availability foreseeably dangerous (*Barretto v City of New York*, 229 AD2d 214, 220 [1997], *lv denied* 90 NY2d 805 [1997]). The circumstances presented here establish that, regardless of the location of the perimeter fence, the sole proximate cause of the incident was plaintiff's voluntary decision to use the stretching bar for climbing (*see Ascher v Scarsdale School Dist.*, 267 AD2d 339 [1999]; *Matter of Banks v City School Dist. of Albany*, 257 AD2d 723 [1999]). Since he has failed to prove that any consequent risk of his intentional misuse of the bar was concealed, Balsley's motion should have been granted. Concur—Gonzalez, P.J., Tom, Andrias, Nardelli and Richter, JJ.