■ ESLEY PORTEOUS, Appellant-Respondent, v J-TEK GROUP, INC., et al., Respondents, and SIX SIGMA USA, INC., Appellant. [3 NYS3d 17]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered February 26, 2014, which granted so much of defendants' motion for summary judgment as sought to dismiss the complaint as against defendants J-Tek Group, Inc. and 449 Washington LLC, and denied so much of the motion as sought to dismiss the complaint as against defendant Six Sigma USA, Inc., unanimously modified, on the law, to deny the motion as to 449 Washington LLC, and J-Tek Group, Inc., and otherwise affirmed, without costs.

Plaintiff seeks damages for injuries he sustained when a falling piece of wood struck him in the head as he was walking on

the sidewalk in front of a building owned by defendant 449 Washington LLC that was undergoing construction by defendant Six Sigma USA, Inc., an independent contractor hired by 449 Washington. There is conflicting evidence in the record as to the source of the falling wood, whether Six Sigma was performing, or was scheduled to perform, exterior work at the time of the accident, and whether this work posed an inherent danger to pedestrians on the public sidewalk abutting the building. Thus, issues of fact exist whether 449 Washington can be held liable for plaintiff's injuries as a building owner with a non-delegable duty not to cause harm to those traveling on the nearby public sidewalk or as an owner who knew or had reason to know that its independent contractor's work involved special dangers inherent in the work or dangers that should have been anticipated (*see Emmons v City of New York*, 283 AD2d 244 [1st Dept 2001]).

The project architect's disagreement with plaintiff's architect's reading of the plans and qualifications in rendering an opinion as to the source of the piece of wood that struck plaintiff, and defendants' challenge to the credibility of a witness who was walking with plaintiff at the time of the accident, are matters for resolution by the trier of fact (*Alvarez v New York City Hous. Auth.*, 295 AD2d 225 [1st Dept 2002]).

Defendant Six Sigma admitted that it performed all the construction work on the building, and, in moving for summary judgment, offered only speculation as to the cause of plaintiff's injury.

Defendant J-Tek Group, Inc. did not establish prima facie that it was not involved in the project. Moreover the work permit was issued in its name therefore raising an issue of fact. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, DeGrasse and Manzanet-Daniels, JJ. **[Prior Case History: 2014 NY Slip Op 30440(U).]**