Kosakowski v 1372 Broadway Assoc., LLC (2018 NY Slip Op 02753)





Kosakowski v 1372 Broadway Assoc., LLC


2018 NY Slip Op 02753


Decided on April 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2018

Sweeny, J.P., Richter, Webber, Gesmer, Moulton, JJ.


6358 104778/10

[*1]Joseph Kosakowski, et al., Plaintiffs-Respondents,
v
1372 Broadway Associates, LLC, et al., Defendants-Appellants, Hi Built Construction, et al., Defendants.


Law Office of James J. Toomey, New York (Evy Kazansky of counsel), for 1372 Broadway Associates, LLC, SL Green Realty Corp., the Millwood Trading Co. Ltd. and Li & Fung USA, appellants.
Conway, Farrell, Curtin & Kelly P.C., New York (Jonathan T. Uejio of counsel), for Lehr Construction Corp., appellant.
O'Connor, O'Connor, Hintz & Deveney, LLP, Melville (Ira E. Goldstein of counsel), for South Bay Air Systems, Inc., appellant.
Marder, Eskesen & Nass, New York (Joseph B. Parise of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered May 11, 2017, which denied the motion of defendants 1372 Broadway Associates, SL Green Realty Corp., the Millwood Trading Co., and Li & Fung USA (collectively the Broadway defendants) for summary judgment dismissing the complaint and all cross claims as against them, and denied the motions of defendant Lehr Construction (Lehr) and defendant South Bay Air Systems (South Bay) for summary judgment dismissing the complaint and all cross claims as against them, unanimously modified, on the law, to grant the motions of Lehr and South Bay, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.
Plaintiff Joseph Kosakowski was a pedestrian on the sidewalk adjacent to a building owned and occupied by the Broadway defendants, which was undergoing construction, when he was struck by a piece of sheet metal that fell from above. Under the circumstances presented, issues of fact exist as to whether the Broadway defendants can be held liable for plaintiff's injuries based upon the nondelegable duty not to cause harm to those traveling on the nearby public sidewalk (see Porteous v J-Tek Group, Inc., 125 AD3d 411 [1st Dept 2015]; Emmons v City of New York, 283 AD2d 244 [1st Dept 2001]).
Regarding Lehr and South Bay, however, those entities made a showing, which plaintiff failed to rebut, that the piece of metal did not come from their work, as opposed to work being performed on the floor above them. Furthermore, plaintiffs cannot rely upon the doctrine of res [*2]ipsa loquitur, because it has not been established that the piece of metal was within defendants' exclusive control (see e.g. Sacca v 41 Bleecker St. Owners Corp., 51 AD3d 586 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 24, 2018
CLERK