Joshua R. v 101 Delancey Realty, LLC (2018 NY Slip Op 08258)





Joshua R. v 101 Delancey Realty, LLC


2018 NY Slip Op 08258


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Tom, Moulton, JJ.


7788 150629/15

[*1]Joshua R., an Infant, by His Mother and Natural Guardian Carmen N., Plaintiff,
v
101 Delancey Realty, LLC, Defendant-Respondent, Jumuna Contracting, Inc. Defendant-Appellant. 
[And a Third-Party Action]


Hardin Kundla McKeon & Poletto P.A., New York (Ross V. Carpenter of counsel), for appellant.
Hannum Feretic Prendergast & Merlino, LLC, New York (Jason A. Stewart of counsel), for respondent.



Order, Supreme Court, New York County (James d'Auguste, J.), entered September 12, 2017, which granted the motion of defendant/third-party plaintiff 101 Delancey Realty, LLC (101 Delancey) for summary judgment dismissing the complaint and cross claims as against it, and denied the cross motion of defendant Jumuna Contracting, Inc. (Jumuna) for summary judgment dismissing the complaint and cross claims as against it, unanimously affirmed, without costs.
The infant plaintiff was a pedestrian on the sidewalk adjacent to a building owned by 101 Delancey that was undergoing construction, when he was struck in the eye by an unknown particle, which appeared to be debris. Plaintiff testified at his deposition that, before the incident, he saw a man on a ladder in front of the building holding a scraper, and debris, like small rocks and pebbles, on the ground. 101 Delancey had retained Jumuna to perform repairs, including removing stucco from the facade.
Although Jumuna was an independent contractor, it can be held liable to non-contracting third parties if it "launched a force or instrument of harm" (see Espinal v Melville Snow Contrs., 98 NY2d 136, 139-140 [2002]). Jumuna contends it was not working at the building on the date of plaintiff's accident, but the record presents issues of fact concerning whether or not its employee was present at the time of the accident.
With respect to 101 Delancey's motion for summary judgment, 101 Delancey made a showing that it could not be held liable for injuries resulting from the work performed by Jumuna, an independent contractor, since the work was not inherently dangerous and 101 Delancey did not assume control over the work (see Kleeman v Rheingold, 81 NY2d 270, 274 [1993]; Fernandez v 707, Inc., 85 AD3d 539, 540 [1st Dept 2011]). While Jumuna asserts that 101 Delancey owed a nondelegable duty to protect pedestrians on the public sidewalk from hazards caused by work performed for its benefit, Jumuna failed to raise any factual issue that would put 101 Delancey on notice of a dangerous condition (see Schwartz v Merola Bros. Constr. Corp., 290 NY 145, 151-152 [1943]; Emmons v City of New York, 283 AD2d 244, 245 [*2][1st Dept 2001]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK