S.-B. v Radincic (2019 NY Slip Op 04324)





S.-B. v Radincic


2019 NY Slip Op 04324


Decided on June 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2019

Acosta, P.J., Richter, Kapnick, Kahn, Kern, JJ.


9515 156539/16

[*1]S.-B., on behalf of Deandre S.-B., et al., Plaintiffs-Appellants,
v
Damir Radincic, Defendant-Respondent.


Anthony M. DeFazio Law, PC, Beacon (Anthony M. DeFazio of counsel), for appellants.
Mintzer Sarowitz Zeris Ledva & Meyers LLP, New York (Thomas G. Darmody of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered July 5, 2018, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant established prima facie that he neither created nor had actual or constructive notice of the alleged dangerous condition of his backyard, where the infant plaintiff (Deandre) was injured playing on tree logs (see Delosangeles v Asian Ams. for Equality, Inc., 40 AD3d 550, 551 [1st Dept 2007]). Defendant testified that he had had the tree cut down and the logs stacked along a property fence line several years earlier and had never seen the logs anywhere else on the property. Deandre testified that he and his friends had arranged the logs in a line and were jumping from log to log when he fell. The record shows that no one had complained to defendant, an out-of-possession landlord, about the logs before the accident, and Deandre testified that he had been playing on them for about 10 minutes when he fell.
Plaintiffs contend that it was foreseeable that children would move the logs. However, absent evidence of earlier incidents involving the logs or any complaint made to defendant about the logs, the possibility of children playing with them does not render the presence of the logs in the backyard foreseeably dangerous (see Osorio v Thomas Balsley Assoc., 69 AD3d 402, 403 [1st Dept 2010]).
Plaintiffs also failed to raise an issue of fact as to whether Deandre could fully appreciate the risks of jumping onto logs. As Deandre himself created the danger by setting up and jumping on the logs while playing with his friends, plaintiffs cannot show that he was faced with a risk that was unassumed,
concealed or increased (see Barretto v City of New York, 229 AD2d 214, 218-219 [1st Dept 1997], lv denied 90 NY2d 805 [1997]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2019
CLERK