Torres-Quito v 1711 LLC (2024 NY Slip Op 01279)

Torres-Quito v 1711 LLC

2024 NY Slip Op 01279

Decided on March 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels
Jeffrey K. Oing Saliann Scarpulla Julio Rodriguez III John R. Higgitt

Index No. 27882/17, 43290/17, 43092/19, 43307/20 Appeal No. 1022 Case No. 2023-00021 

[*1]Johnny Torres-Quito, Plaintiff-Appellant-Respondent,
v
1711 LLC et al., Defendants-Respondents-Appellants, Bunlin LLC et al., Defendants-Respondents.
1711 LLC et al., Third-Party Plaintiffs-Respondents-Appellants,
v
P.I. Mechanical Corp. et al., Third-Party Defendants-Respondents-Appellants. Bunlin, LLC, Third-Party Defendant-Respondent.
Pioneer Window Mfg. Corp., Second Third-Party Plaintiff-Respondent-Appellant,
v
V&P Altitude Corp, Second Third-Party Defendant-Respondent.
1711 LLC et al., Third Third-Party Plaintiffs-Respondents-Appellants,
v
Construction Realty Safety Group, Inc., Third Third-Party Defendant-Respondent-Appellant.

Plaintiff appeals, and certain defendants cross-appeal from the order of the Supreme Court, Bronx County (Lucindo Suarez, J.), entered October 28, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on his Labor Law § 240(1) claim, denied defendants 1711 LLC and Ryder Construction Inc.'s, motion for summary judgment dismissing the Labor Law § 240(1) and 241(6) claims as against them and the Labor Law § 200 claim against Ryder and on their contractual indemnification claim against third-party defendant P.I. Mechanical Corp (PIMC), denied third-party defendant PIMC's cross-motion for summary judgment dismissing the Labor Law § 240(1) claim and the third-party complaint against it, denied defendant Pioneer's Window Mfg. Corp.'s motion for summary judgment on its indemnification claim against defendant V.&P. Altitude Corp., and denied third third-party defendant Construction Realty Safety Group Inc.'s motion for summary judgment dismissing the third third-party complaint.

Block O'Toole & Murphy LLP, New York (Christina R. Mercado of counsel), for appellant-respondent.
Fuchs Rosenzweig, PLLC, New York (Mehreen Hayat and Cheryl D. Fuchs of counsel), for 1711 LLC and Ryder Construction, Inc, respondents-appellants.
Gallo Vitucci Klar LLP, New York (C. Briggs Johnson of counsel), for P.I. Mechanical Corp., respondent-appellant.
Katz & Rychik P.C., New York (Abe M. Rychik and Adam D. Kraman of counsel), for Pioneer Window Mfg. Corp., respondent-appellant.
Stonberg Hickman & Pavloff LLP, New York (Andrew Weiss and Kevin A. Hickman of counsel), for Construction Realty Safety Group, Inc., respondent-appellant.
Litchfield Cavo LLP, New York (Christopher H. Sommer and Louis F. Eckert of counsel), for V.&P. Altitude Corp., respondent.

 MANZANET-DANIELS, J.P. 

This dispute arises from an injury sustained by plaintiff while working on the construction of a 34-story condominium building located at 1711 First Avenue in Manhattan. Defendant 1711 LLC (1711) was the owner of the building and Ryder Construction, Inc. (Ryder) was the general contractor for the project. Ryder hired various subcontractors including plaintiff's employer, P.I. Mechanical Corp. (PIMC), for HVAC and air conditioning installation, Bunlin LLC (Bunlin) for masonry work, and Pioneer Window Mfg. Corp. (Pioneer) for window installation. Pioneer subcontracted its window installation work to V&P Altitude Corp. (V&P).
The record shows that plaintiff, who was employed by PIMC as a mechanic's helper on the project, was directed by his supervisor to assist in unloading a delivery of ductwork piping from a PIMC box truck. The truck was parked in a barricaded area on First Avenue which had been set up by Ryder as the delivery unloading zone (the Delivery Zone). As plaintiff stood directly behind the truck in the Delivery Zone to assist in unloading the piping, he was suddenly and without warning struck in the head by a falling brick. [*2]The brick cracked the hard hat that plaintiff was wearing, and plaintiff suffered head injuries from the impact.
At the time of the accident, window installation and the appurtenant masonry work were being performed directly above the Delivery Zone (and plaintiff) on the First Avenue-side facade of the building on an exterior scaffold located on the twenty-second floor (the Exterior Scaffold). This work included,inter alia, drilling into and removing parts of the brick faÇade to install window components. Plaintiff testified that he saw such work being performed on the Exterior Scaffold shortly before and after the incident. Further, Ryder admitted, both through its incident report [FN1] and Thomas Vita's testimony, that the work being performed on the Exterior Scaffold at the time of the accident could have resulted in brick debris falling from the building. Notably, it is uncontested that there was no horizontal netting under the Exterior Scaffold, and no overhead netting and/or other protection in the Delivery Zone, to protect against any debris falling from the Exterior Scaffold.
The motion court should have granted plaintiff summary judgment on his Labor Law § 240(1) claim. "[T]he decisive question as to whether the statute applies to a particular accident is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against harm directly flowing from the application of the force of gravity to an object or person" (Arnaud v 140 Edgecomb LLC, 83 AD3d 507, 508 [1st Dept 2011]). "In the context of falling objects, the risk to be guarded against is the unchecked or insufficiently checked descent of the object" (Arnaud, 83 AD3d at 508). It is settled law that a plaintiff establishes a prima facie entitlement to liability on a Labor Law § 240(1) "falling object" claim where he shows that he was struck by a falling object, that such object required securing for the purposes of the undertaking,[FN2] and that the lack of adequate overhead protection failed to shield against the falling of such object and therefore proximately caused plaintiff's injuries (see Mayorquin, 202 AD3d at 541-542 [Affirming grant of summary judgment to the plaintiff who was struck by unsecured brick which had fallen from a hanging scaffold above, finding that brick was an object that required securing for the purposes of the undertaking and that overhead netting provided was insufficient to protect against falling debris and proximately caused his injuries]; see also Garcia v SMJ 210 W. 18 LLC, 178 AD3d 473, 473 [1st Dept 2019][Reversing motion court and granting summary judgment to the plaintiff where piece of sheetrock from exterior faÇade of building still under construction fell on him, the piece matched the size of a missing piece of sheetrock one floor above, workers were performing patch work to the faÇade on the floors above plaintiff, and the exterior faÇade was not complete]; see also Hill v Acies Group, LLC, 122 AD3d 428, 429 [1st [*3]Dept 2014][Modifying to grant summary judgment to the plaintiff who, while performing work on ground level outside of the subject building was suddenly struck by a falling brick in the absence of any overhead netting or other protective devices, and finding that the lack of overhead protective devices was a proximate cause of the plaintiff's injuries]).
Contrary to defendants' argument, "[a] plaintiff's prima facie case in a Labor Law § 240(1) action involving falling objects is not dependent on whether the plaintiff observed the object that hit him"[FN3] (Harsanyi v Extell 4110 LLC, 220 AD3d 528, 529 [1st Dept 2023], citing Malan v FSJ Realty Group II LLC, 213 AD3d 541, 542 [1st Dept 2023]). A plaintiff is not required to show the exact circumstances under which the object fell, where a lack of a protective device proximately caused the injuries. Further, Ryder's project manager, Thomas Vita, identified a photograph of the brick that struck plaintiff, stating that the brick in the photo was consistent with the lone type of brick that was used on the faÇade of the building at the time of the incident (see Harsanyi at 529 [Modifying to grant the plaintiff summary judgment where the plaintiff was struck by unknown object on outrigging platform where he had heard workers stripping wood on the floors above him and submitted photographs depicting a large hole in the safety netting that served as overhead protection]); see also Mercado, 104 AD3d at 577 [Where the plaintiff had been struck by falling pipe, "[i]t is undisputed that there was no netting to prevent objects from falling on workers and contrary to the defendant's contention, the plaintiff is not required to show exactly how the pipe fell, since, under any of the proffered theories, the lack of protective devices was the proximate cause of his injuries"]).
Plaintiff's and Vita's testimony, together with Ryder's admissions in its incident report and the corroborating accident report of the project's safety supervisor Construction Realty Safety Group, Inc.'s (CRSG) establish that plaintiff was struck in the head with a brick in the Delivery Zone. The records revealed that at the time of the accident, work involving the chipping and/or similar removal of the building's faÇade was being performed on the exterior scaffold on the 22nd story of the building directly above the Delivery Zone. Furthermore, it is uncontroverted that the exterior scaffold had no horizontal netting under it and the Delivery Zone had no overhead netting and/or other protection to shield against any debris falling from the exterior scaffold.
Contrary to the motion court's findings, we conclude that, due to the damage to plaintiff's hard hat and resulting injuries from the falling brick, no issue of fact exists as to whether the distance the brick fell was de minimis, and that the harm to plaintiff was the direct consequence of the application of the force of gravity upon the brick, whose weight, and force generated by its fall[*4], were sufficient to cause such injuries (see Tropea v Tishman Constr. Corp., 172 AD3d 450, 451 [1st Dept 2019][reaching similar holding regarding cable tray that fell on the plaintiff's head from atop two ladders]. In opposition, defendants have failed to provide any version of the accident under which they could not be held liable, making summary judgment for plaintiff appropriate (Harsanyi at 529, citing Mayorquin, 202 AD3d 541 and Hill, 122 AD3d 428).
For the reasons stated above, we modify the motion court's order and grant plaintiff summary judgment on his Labor Law § 240(1) claim against defendants 1711 and Ryder.
Defendants established entitlement to dismissal of the Labor Law § 241(6) claim since the Industrial Code sections alleged are inapplicable. Industrial Code §§ 23-1.7(a) and 23-2.6 did not apply because there was no evidence that the area where plaintiff was working was normally exposed to falling objects or that the work being done on the building involved the construction of exterior masonry walls (see Maldonado v Townsend Ave. Enters., Ltd. Partnership, 294 AD2d 207, 208 [1st Dept 2002]; Quinlan v City of New York, 293 AD2d 262 [1st Dept 2002]). Defendants established they did not violate Industrial Code § 23-1.18 concerning sidewalk sheds because they erected a shed on the sidewalk and were not required to erect a sidewalk shed in the roadway.
As for the Labor Law § 200 claim, plaintiff failed to raise an issue of fact as to whether Ryder had supervisory control over V&P and Bunlin's work that may have generated the debris that struck plaintiff, and Ryder's status as general contractor on the project was insufficient to establish § 200 liability (see Reilly v Newireen Assoc., 303 AD2d 214, 220 [1st Dept 2003]).
1711 and Ryder also demonstrated entitlement to conditional summary judgment on their contractual indemnification claim against PIMC. The broad indemnification provision of the contract indemnified 1711 and Ryder against all injuries "arising out of or resulting from [PIMC]'s performance of the Work," except injuries arising from 1711 and Ryder's negligence. Thus, the provision evinced an intention to indemnify 1711 and Ryder when a claim arose out of PIMC's work regardless of whether PIMC was negligent (see Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178 [1990]). Accordingly, PIMC was required to indemnify 1711/Ryder against injuries suffered by plaintiff while he was working for PIMC on the project (see Madkins v 22 Little W. 12th St., LLC, 191 AD3d 434 [1st Dept 2021]; cf. Pepe v Center for Jewish History, Inc., 59 AD3d 277, 277-278 [1st Dept 2009]).
The site safety manager, CRSG, was entitled to summary judgment dismissing 1711 and Ryder's claims against it in the absence of any evidence of negligence on its part. Evidence showing that CRSG had site safety or general supervisory authority, without more, is insufficient to impose Labor Law § 200 and common-law negligence liability (see Torres v Perry St. [*5]Dev. Corp., 104 AD3d 672 [2d Dept 2013]; Martinez v 342 Prop. LLC, 89 AD3d 468, 469 [1st Dept 2011]).
Finally, the court properly denied Pioneer's motion for summary judgment on its contractual indemnification claim against V&P. As there remain triable issues of fact as to how and whose work caused the brick to fall and hit plaintiff, summary judgment would be premature (Francescon v Gucci Am., Inc., 71 AD3d 528, 529 [1st Dept 2010]; Stern v Lehr Constr. Corp., 200 AD2d 389, 390 [1st Dept 1994]).
CONCLUSION
Accordingly, the order of the Supreme Court, Bronx County (Lucindo Suarez, J.), entered October 28, 2022, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on his Labor Law § 240(1) claim, denied defendants 1711 and Ryder's motion for summary judgment dismissing the Labor Law § 240(1) and 241(6) claims as against them and the Labor Law § 200 claim against Ryder and on their contractual indemnification claim against third-party defendant PIMC, denied third-party defendant PIMC's cross-motion for summary judgment dismissing the Labor Law § 240(1) claim and the third-party complaint against it, denied defendant Pioneer's motion for summary judgment on its indemnification claim against defendant V&P, and denied third third-party defendant CRSG's motion for summary judgment dismissing the third third-party complaint, should be modified, on the law, to the extent of granting plaintiff's motion for summary judgment on his Labor Law § 240(1) claim, granting the motions to dismiss the Labor Law § 241(6) claim, the Labor Law § 200 claim as against Ryder and the third third-party complaint against
CRSG, and granting 1711 and Ryder conditional summary judgment on their contractual indemnification claim against PIMC, and otherwise affirmed, without costs.
Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered October 28, 2022, modified, on the law, to the extent of granting plaintiff's motion for summary judgment on his Labor Law § 240(1) claim, granting the motions to dismiss the Labor Law § 241(6) claim, the Labor Law § 200 claim as against Ryder and the third third-party complaint against CRSG, and granting 1711 and Ryder conditional summary judgment on their contractual indemnification claim against PIMC, and otherwise affirmed, without costs.
Opinion by Manzanet-Daniels, J.P. All concur.
Manzanet-Daniels, J.P., Oing, Scarpulla, Rodriguez, Higgitt, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2024

Footnotes

Footnote 1: See Mayorquin v Carriage House Owner's Corp., 202 AD3d 541, 542 [1st Dept 2022][Accident report concerning how the accident occurred was properly admitted under the business record exception to the hearsay rule].

Footnote 2: Plaintiff is not required to show that the object was being hoisted or secured when it fell, since that is not a precondition to liability pursuant to Labor Law § 240(1)(Mercado v Caithness Long Is. LLC, 104 AD3d 576, 577 [1st Dept 2013]).

Footnote 3: Defendant's argument that summary judgment for plaintiff is inappropriate due to no one's witnessing of the brick's descent and PIMC driver John Doyle's testimony that he did not witness the brick strike plaintiff or thereafter identify the brick to plaintiff is therefore insufficient to rebut plaintiff's showing of prima facie entitlement to summary judgment.