## Fromel v W2005/Hines W. Fifty-Third Realty, LLC

2024 NY Slip Op 31233(U)

April 10, 2024

Supreme Court, New York County

Docket Number: Index No. 158914/2018

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. DAVID B. COHEN**

*Justice*

-----------------------------------------------------------------------------X

JAMES FROMEL,

                                                Plaintiff,

- v -

W2005/HINES WEST FIFTY-THIRD REALTY, LLC,
LENDLEASE (US) CONSTRUCTION LMB, INC., ISLAND
ACOUSTICS OF NEW YORK, INC., ISLAND ACOUSTICS,
LLC,

                                                Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| PART | 58 |
| INDEX NO. | 158914/2018 |
| MOTION DATE | 09/29/2023 |
| MOTION SEQ. NO. | 003 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 120, 121

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 117, 118, 119, 122

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

In this Labor Law action, defendants/third-party plaintiffs W2005/Hines West Fifth-Third

Realty, LLC (Realty) and Lendlease (US) Construction LMB, Inc. (Lendlease) (collectively,

defendants) move pursuant to CPLR 3212 for an order granting them summary judgment on their

third-party claim against third-party defendant Spieler & Ricca Electrical Co., Inc. (mot. seq.

003).[1]  Spieler opposes.

By notice of motion, plaintiff moves pursuant to CPLR 3212 for an order granting him

partial summary judgment on liability against defendants (mot. seq. 004).  Defendants oppose.

---

[1] Plaintiff has discontinued his claims against Acoustics (NYSCEF 94).

**158914/2018   FROMEL, JAMES vs. W2005/HINES WEST FIFTY-THIRD**                    **Page 1 of 9**
  **Motion No.  003 004**

[* 1]

## I.     PERTINENT BACKGROUND

As set forth in the parties' statements of material facts, the following facts are undisputed:

At the time of plaintiff's accident, he was employed by Spieler as an electrician, and was supervised solely by his two foremen; none of defendants' employees directed or instructed him as to his work.  The construction project at issue was located at 53 West 53rd Street in Manhattan (NYSCEF 83, 108).

At his deposition, plaintiff testified that Realty owned the building at issue, while Lendlease was the general contractor.  On August 16, 2016, plaintiff and other Spieler employees were working on the eighth floor of the building, which was being used as a "stripping floor," which was where workers were taking plywood down to start moving it up to the next floor.  There were no walls around the floor but there was an exterior wraparound to keep debris from falling off the building.  Plaintiff described the floor as messy and containing a lot of debris (NYSCEF 91).

The ninth floor had already had the concrete floor slab poured, and some workers were up there stripping plywood forms.  Plaintiff and his coworkers were working on the eighth floor on electrical work while other trades were ripping down the plywood; they did not want to be near the workers stripping the plywood from support beams (*id.*).

Plaintiff and his apprentice were running a temporary line to the eighth floor to feed electricity to upper floors for future work.  They were near the opening in the middle of the floor where the interior crane was located.  Barriers had been placed around the crane opening, which were made out of wood with orange netting around them.  The barriers measured only four or five feet high.  There were also some cutouts in the ceiling above them (*id.*).

**158914/2018   FROMEL, JAMES vs. W2005/HINES WEST FIFTY-THIRD**
**Motion No.  003 004**

**Page 2 of 9**

2 of 9

[* 2]

As he talked to the apprentice, debris hit him and caused him to fall down. The debris consisted of a ten-foot long four-by-four support beam, which hit him across the back of his head. When plaintiff looked around to see what happened, he saw a worker standing on a landing and holding other similar beams, and the worker looked at plaintiff and apologized, saying that he had been carrying too many beams. The landing was behind plaintiff, approximately six or seven feet high, and connected to stairs leading from the ground of the eighth floor to the landing. He believed that the worker was employed by the site's concrete contractor (*id.*).

## II.    DEFENDANTS' MOTION

Defendants rely on the contract between Lendlease and Spieler to argue that they are entitled to judgment on their third-party claim for contractual indemnity against Spieler, as the relevant lease provision requires Spieler to indemnify Lendlease for any liability "caused by, arising out of, resulting from or occurring in connection with the performance of the work." They observe that it is undisputed that the contract was in effect on the date of plaintiff's accident and that plaintiff was working for Spieler when the accident occurred, thus triggering the applicable provision, which provides for both defense and indemnity. Defendants also deny that they were negligent in any way related to the accident, as they did not supervise or control plaintiff's work and did not perform any construction work themselves (NYSCEF 84).

Spieler asserts that defendants are not entitled to summary judgment on any of their third-party claims. However, as it appears that defendants are seeking judgment solely on the contractual indemnity claim, it is the only claim addressed herein. Spieler asserts that there is a triable issue as to whether plaintiff was performing work for Spieler when he was injured, as he was not performing electrical work at the time and none of his electrical work caused or

**158914/2018   FROMEL, JAMES vs. W2005/HINES WEST FIFTY-THIRD**
**Motion No.  003 004**

**Page 3 of 9**

3 of 9

[* 3]

contributed to the accident. It also maintains that the provision violates General Obligations Law (GOL) 5-322.1, thereby rendering it null and void, and that in any event, defendants have not shown themselves to be free of negligence, as they were responsible for overall site safety and maintenance and could have stopped unsafe work (NYSCEF 107).

As the pertinent language provides that Spieler must indemnify Lendlease "to the fullest extent of the law," against any liability "caused by, arising out of, resulting from or occurring in connection with the performance of the work," and as it is undisputed that plaintiff's accident occurred while he was performing work for Spieler at the construction site, defendants have established that the provision is applicable. Spieler's arguments that the provision was not triggered as plaintiff was not performing electrical work when he was injured or that his work did not cause or contribute to causing the accident are irrelevant (*see Torres-Quito v 1711 LLC*, ___ AD3d ___, 2024 NY Slip Op 01279 [1st Dept 2024] [as provision required indemnity against injuries "arising out of or resulting from (subcontractor's) performance of the work," subcontractor required to indemnify defendants for injuries suffered by plaintiff while working for subcontractor on project]).

The provision is not barred by GOL 5-322.1 (*see Lemache v Elk Manhasset LLC*, 222 AD3d 591 [1st Dept 2023] [indemnity agreement complied with GOL 5-322.1 as it provided indemnity "to the fullest extent permitted by law"]), and there is no basis for holding defendants liable as the fact that they were responsible for overall site safety and could have stopped unsafe work is insufficient (*id.* at 593 [building owner entitled to indemnity from subcontractor as plaintiff's injuries arose out of subcontractor's operations and owner not at fault because it did not control or supervise plaintiff's work or provide tools or equipment for the work]; *Torres-Quito*, 2024 NY Slip Op 01279 [defendant entitled to dismissal as evidence showing that it had

158914/2018   FROMEL, JAMES vs. W2005/HINES WEST FIFTY-THIRD
Motion No.  003 004

Page 4 of 9

4 of 9

site safety or general supervisory authority, without more, insufficient to impose Labor Law liability]).

Accordingly, defendants establish that Spieler must defend and indemnify them, and Spieler raises no triable issue in opposition.

## III.     PLAINTIFF'S MOTION

Plaintiff moves for summary judgment on his Labor Law 240(1) and 241(6) claims based on violations of Industrial Code sections 23-1.7(a)(1), 23-1.7(a)(2), and 23-3.3(g).  As to Labor Law 240(1), he argues that defendants violated the statute by the fact that plaintiff was struck by a falling beam, which was not properly supported, braced, or shored.  As to his Labor Law 241(6) claim, plaintiff contends that defendants violated the above Industrial Code sections by failing to provide protection from a falling object (NYSCEF 81).

Defendants argue plaintiff previously hurt his back in 2011 and that therefore there is an issue of fact as to whether he is using the instant accident "to collect on a prior condition."  They also claim that plaintiff previously provided an affidavit describing the accident that is inconsistent with the version he sets forth here, with the affidavit version omitting the fact that plaintiff was hit from above, and they observe that plaintiff continued working the day he was injured and for an additional two weeks thereafter, thus raising an issue as to his credibility and requiring denial of the motion.  Defendants further allege that the sole eyewitness to the accident is a convicted felon, and that a jury must rule on plaintiff's credibility (NYSCEF 118).

### A.     Labor Law 240(1)

"Labor Law § 240(1) imposes a nondelegable duty and absolute liability upon owners and contractors for failing to provide safety devices necessary for workers subjected to elevation-related risks in circumstances specified by the statute" (*Soto v J. Crew Inc.*, 21 NY3d 562, 566

**158914/2018   FROMEL, JAMES vs. W2005/HINES WEST FIFTY-THIRD**       **Page 5 of 9**
**Motion No.  003 004**

5 of 9

[2013] [citations omitted]; *see Healy v EST Downtown, LLC*, 38 NY3d 998, 999 [2022]). A plaintiff seeking summary judgment on the issue of liability "must establish that the statute was violated and that such violation was a proximate cause of his injury" (*Barreto v Metropolitan Transp. Auth.*, 25 NY3d 426, 433 [2015]; *see Villanueva v 114 Fifth Ave. Assoc. LLC*, 162 AD3d 404, 405 [1st Dept 2018]).

In a falling object case, the plaintiff must show that the object that fell was being hoisted or secured and that it fell because of an absence or inadequacy of a safety device of the kind enumerated in the statute (*Narducci v Manhasset Bay Assocs.*, 96 NY2d 259 [2001]).

While plaintiff's prior affidavit does not mention that the beam fell from above him, it is otherwise consistent with his story that another worker hit him with the beam from behind and apologized for doing so (NYSCEF 119). Thus, the two versions offered by plaintiff for the accident are not inconsistent (*see Rodas-Garcia v NYC Utd. LLC*, ___ AD3d ___, 2024 NY Slip Op 01687 [1st Dept 2024] [statement that plaintiff lost balance and fell does not contradict his consistent testimony that he fell because ladder suddenly moved]).

Moreover, plaintiff's account of the accident is consistent with that of his apprentice (NYSCEF 77), and the fact that the apprentice was convicted of a felony does not render his testimony inherently unreliable (*see* 58A NY Jur 2d, Evidence and Witnesses 947 [2023] [witness's conviction of crime may be proved to question weight of witness's testimony]).

However, plaintiff claims that the beam that hit him was dropped by another worker who was carrying too many beams at one time. There is no evidence that the beams were objects that required securing for the undertaking or that any safety device was required to transport the beams, or that the absence of a necessary hoisting or securing device caused the worker to lose his grip on the beam that fell (*see eg, Henriquez v Grant*, 186 AD3d 577 [2d Dept 2020]

**158914/2018   FROMEL, JAMES vs. W2005/HINES WEST FIFTY-THIRD**
**Motion No.  003 004**

**Page 6 of 9**

6 of 9

[* 6]

[plaintiff failed to show that plank which hit his head fell because of absence or inadequacy of safety device]; *Schwab v A.J. Martini, Inc.*, 288 AD2d654 [3d Dept 2001] [injury not covered as as it was caused by coworker handing plaintiff heavy object, which is ordinary and usual construction workplace risk]).

The possibility of an object slipping from a coworker's arms or being dropped by another worker is a general hazard of a construction workplace, and not subject to Labor Law 240(1) (*see Narducci*, 96 NY2d at 268-269 [risk of falling glass was general hazard of workplace, and not one subject to Labor Law 240(1) liability]; *Shaheen v Hueber-Breuer Constr. Co., Inc.*, 4 AD3d 761 [4th Dept 2004] [where plaintiff was hurt by rope that was pushed off scaffold above him by coworker, accident not covered under Labor Law 240(1) as rope was not object being hoisted or load that required securing at time it fell]; *Adamczyk v Hillview Estates Dev. Corp.*, 226 AD2d 1049 [4th Dept 1996] [plaintiff's accident involved usual and ordinary dangers of construction site as he was injured when coworker slipped while handing plaintiff pipe, dropping pipe, and plaintiff was injured after he tried to catch it]; *Goodleaf v Tzivos Hashem, Inc.*, 19 Misc3d 1104[A] [Sup Ct, Kings County 2008] [sledgehammer that hit plaintiff after falling from coworker's hands was not being hoisted or secured when it fell, and thus was general workplace hazard]).

Plaintiff thus fails to establish that his accident was caused by defendants' violation of Labor Law 240(1).

### B.      Labor Law 241(6)

Labor Law § 241(6) imposes a nondelegable duty on premises owners and contractors at construction sites to provide reasonable and adequate safety to workers.  To establish a claim under the statute, a plaintiff must show that a specific, applicable Industrial Code regulation was

**158914/2018   FROMEL, JAMES vs. W2005/HINES WEST FIFTY-THIRD**
**Motion No.  003 004**

**Page 7 of 9**

7 of 9

[* 7]

violated, and that the violation caused the complained-of injury (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 146, 950 N.Y.S.2d 35 [1st Dept 2012] [internal citations omitted]).

Section 23-1.7 of the Industrial Code, entitled "Protection from General Hazards," provides that: "(a). Overhead hazards. (1) every place where persons are required to work or pass that is normally exposed to falling material or objects shall be provided with suitable overhead protection . . . (2) where persons are lawfully frequenting areas exposed to falling material or objects but wherein employees are not required to work or pass, such exposed areas shall be provided with barricades, fencing or the equivalent in compliance with this Part (rule) to prevent inadvertent entry in such areas."

In the first instance, the two subsections are apparently read in the disjunctive, or, more specifically, subsection (a)(1) deals with places where persons are required to work or pass, while (a)(2) deals with places where employees are not required to work or pass. It thus does not appear that plaintiff can claim a violation under each subsection related to the same accident. However, and in any event, plaintiff provides no evidence that the eighth floor of the site was an area exposed to falling material or objects (*see Torres-Quito v 1711 LLC*, ___ AD3d ___, 2024 NY Slip Op 01279 [1st Dept 2024] [no evidence that area where plaintiff was working was normally exposed to falling objects]; *Crichigno v Pacific Park 550 Vanderbilt, LLC*, 186 AD3d 664 [2d Dept 2020] [where plaintiff was struck by beam that had just been stripped from ceiling by another worker, plaintiff failed to show that he was working in area normally exposed to falling material or objects]).

For the same reason, plaintiff does not establish that defendants violated 12 NYCRR 23-3.3(g), which pertains to "Demolition by Hand," and provides that every floor or area "that is

**158914/2018   FROMEL, JAMES vs. W2005/HINES WEST FIFTY-THIRD**
**Motion No.  003 004**

**Page 8 of 9**

8 of 9

[* 8]

subject to the hazard of falling debris or materials from above" shall be protected (*id.* at 665 [plaintiff did not show that he was subject to falling debris from above]).

Plaintiff thus fails to demonstrate that defendants violated Labor Law 241(6).

## IV.     CONCLUSION

Accordingly, it is hereby

ORDERED, that defendants/third-party plaintiffs' motion for summary judgment on their third-party claim against third-party defendant Spieler & Ricca Electrical Co., Inc. (mot. seq. 003) is granted, and Spieler must defend and indemnify defendants in connection to plaintiff's injuries in this lawsuit; it is further

ORDERED, that plaintiff's motion for partial summary judgment on liability (mot. seq. 004) is denied in its entirety; and it is further

ORDERED, that the parties appear for a settlement/trial scheduling conference with Justice Cohen on August 7, 2024 at 9:30 am, at 71 Thomas Street, New York, New York.

| **4/10/2024** | | | | | **DAVID B. COHEN, J.S.C.** | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**158914/2018   FROMEL, JAMES vs. W2005/HINES WEST FIFTY-THIRD**                     **Page 9 of 9**
**Motion No.  003 004**

9 of 9

[* 9]