Choudhury v Terrace on the Park, LLC (2024 NY Slip Op 03381)

Choudhury v Terrace on the Park, LLC

2024 NY Slip Op 03381

Decided on June 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 20, 2024

Before: Oing, J.P., Friedman, González, Rodriguez, O'Neill Levy, JJ. 

Index No. 33795/18 Appeal No. 2535 Case No. 2023-03626 

[*1]Sephora Choudhury, Plaintiff-Appellant-Respondent,
v
Terrace on the Park, LLC, et al., Defendants-Respondents-Appellants, Board of Managers of the 1399 Park Avenue Condominium, Defendant, Silvercup Scaffolding 1 LLC, et al., Defendants-Respondents.
Terrace on the Park LLC, et al., Third-Party Plaintiffs-Respondents-Appellants,
v
Cavco Roofing & Sidings, Inc., Third-Party Defendant-Respondent.

Hogan & Cassell, LLP, Jericho (Michael D. Cassell of counsel), for appellant-respondent.
Lester Schwab Katz & Dwyer LLP, New York (Daniel Kotler of counsel), for respondents-appellants.
Raven & Kolbe, LLP, New York (George S. Kolbe of counsel), for Cavco Roofing & Sidings, Inc., respondent.

Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered June 1, 2023, which, to the extent appealed from as limited by the briefs, granted the motion of defendant/third-party defendant Cavco Roofing & Sidings, Inc. (Cavco) for summary judgment dismissing the complaint and all third-party claims and cross-claims as against it, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff seeks to recover damages for injuries she sustained when a piece of wood from a roof protection system on a building under construction fell and struck her in the head as she was walking on a sidewalk. Defendant/third-party plaintiff Terrace on the Park LLC (Terrace) owned the building and retained defendant/third-party plaintiff Glenwood Construction Management Corp. (Glenwood) as the general contractor. Glenwood, in turn, retained Cavco as a roofing subcontractor.
Although it is undisputed that Cavco installed rigid installation on the roof, there is conflicting evidence in the record as to whether Cavco also installed the roof protection that was put down on top of the insulation (see Porteous v J-Tek Group, Inc., 125 AD3d 411, 411-412 [1st Dept 2015]). While Cavco's principal denied that Cavco installed the roof protection, Terrace and Glenwood's representative testified that he was regularly onsite and had personal knowledge that Cavco was responsible for installing it under its subcontract and that no other contractor would have done that installation. Cavco also failed to conclusively establish that it properly installed the roof protection in accordance with specifications.
The court also improperly dismissed Terrace and Glenwood's third-party claims and cross claims against Cavco for contribution, common-law indemnification, contractual indemnification, and breach of contract for failure to procure insurance as there were issues of fact as to whether Cavco installed the roof protection detail (see Torres-Quito v 1711 LLC, — AD3d —, 2024 NY Slip Op 01279 [1st Dept 2024]). As to the contractual indemnification claim, plaintiff alleges that the accident arises from the performance of Cavco's work, thereby triggering coverage. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 20, 2024